TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-02-00217-CV


NO. 03-02-00288-CV








New Hampshire Insurance Company, Appellant



v.



Lester Tobias, Appellee







FROM THE COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY


NOS. 6678-A-C & 6678-C, HONORABLE HOWARD WARNER, JUDGE PRESIDING





O R D E R



 New Hampshire Insurance Company has filed an unopposed motion to consolidate
these two appeals; alternatively, appellant requests that documents from one appellate record be filed
in the other appeal as a supplemental record. We will deny the motion in part and grant the motion
in part.


BACKGROUND


 These appeals stem from a default judgment granted to Tobias against appellant. 
Onyx Acceptance Company, not a party to either appeal, sued Tobias for failure to make payments
on a car loan; the county court at law assigned this suit cause number 6678-C ("the original cause"). 
Tobias in turn sued South Point Pontiac-Cadillac, Inc. and appellant. South Point filed an answer,
but appellant did not. The court rendered a default judgment for Tobias against appellant, leaving
claims among the other parties pending. On Tobias's motion, the court severed his claims against
appellant, assigning the new cause of action cause number 6678-A-C ("the severed cause"). Because
the severed cause contained no pending claims, the severance made the default judgment against
appellant final and appealable. Just more than five months later, appellant filed its notice of
restricted appeal in the severed cause. The appeal of the severed cause was given appellate cause
number 03-02-00217-CV.

 Appellant later filed a notice of restricted appeal in the original cause; the appeal of
the original cause was given appellate cause number 03-02-00288-CV. Appellant's attorney states
in appellant's verified motion to consolidate that she filed the second notice of appeal in order to
obtain a record containing certain documents necessary to the appeal of the default judgment. She
states that when she requested that the clerk include the citation and return of service documents
from the original cause in the clerk's record for the severed cause, the clerk told her that she could
not put documents from the original cause of action into an appellate record without a notice of
appeal in the original cause of action. 

 When a review of the clerk's record in the appeal of the original cause revealed the
absence of a final judgment, this Court's clerk sent a letter inquiring about the status of the case and
warning that the appeal could be dismissed for want of jurisdiction. Appellant responded with this
motion to consolidate or, alternatively, to include the documents contained in the appeal of the
original cause as a supplemental record in the appeal of the severed cause.

DISCUSSION


 Before deciding whether to consolidate these appeals, we must determine whether
we have jurisdiction over the appeal of the original cause. Only then can we decide what to do with
the records of the two appeals.

 The appeal of the original cause is interlocutory. What is more, the record before us
indicates that appellant is no longer a party to the original cause because the severance order placed
all claims involving appellant into the severed cause. Appellant cannot appeal from a cause to which
it is not a party, and the cause appealed from does not contain either a final judgment or an
appealable interlocutory judgment. Accordingly, we dismiss the appeal of the original cause for
want of jurisdiction.

 Because we cannot consolidate a dismissed appeal with an extant appeal, we deny
the motion to consolidate these appeals. We now turn to disposition of the records.

 The documents filed in the record for the appeal of the original cause could have been
included in the record for the appeal of the severed cause. All documents filed in a cause before a
severance are part of the record of the severed cause. See Padilla v. LaFrance, 907 S.W.2d 454, 459
(Tex. 1995). Though the severed cause number originates with the severance order, the severed
cause stems from the inception of the original cause. Though economy dictates that county clerks
need not put copies of every document from the original cause into the severed cause while the cases
are still in county court, clerks must, when properly requested, place into the appellate record for the
severed cause relevant documents that were filed in the original cause before the severance order.

 Rather than requiring the county clerk to file an additional record in the appeal of the
severed cause that is duplicative of the record filed in the appeal of the original cause, we simply
transfer the record from the appeal of the original cause into the record from the appeal of the
severed cause.


CONCLUSION


 By separate opinion and judgment, we will dismiss appellate cause number 03-02-00288-CV for want of jurisdiction. We transfer the clerk's record of trial cause number 6678-C from
appellate cause number 03-02-00288-CV into appellate cause number 03-02-00217-CV, in which
it shall be renumbered to reflect that it is the First Supplemental Clerk's Record in appellate cause
number 03-02-00217-CV.

 It is ORDERED June 6, 2002.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Publish