# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00061-CV

**Jack Jones Hearing Centers, Inc., Appellant**

**v.**

**State Committee of Examiners in the Fitting and Dispensing of Hearing Instruments, Appellee**

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
NO. D-1-GN-09-001596, HONORABLE RHONDA HURLEY, JUDGE PRESIDING

## O P I N I O N

Appellant Jack Jones Hearing Centers, Inc. filed suit, seeking declarations that its contract with Eschaton, Inc. d/b/a Aidright Hearing Aids (Aidright) was void as against public policy because it violated certain provisions of the Texas Occupations Code and related rules promulgated by the State Committee of Examiners in the Fitting and Dispensing of Hearing Instruments (the Committee). *See generally* Tex. Occ. Code Ann. §§ 402.001-.553 (West 2004 & Supp. 2011). The trial court granted a plea to the jurisdiction filed by the Committee and then granted summary judgment in favor of Jack Jones against Aidright. Jack Jones now appeals from the trial court's order granting the Committee's plea to the jurisdiction. Because we lack subject-matter jurisdiction over the appeal, we dismiss it for want of jurisdiction.

## BACKGROUND

This controversy arises from an alleged contract between Jack Jones and Aidright. Jack Jones is in the business of fitting and dispensing hearing instruments in Texas, which is regulated

by the Committee.  *See generally id*. §§ 402.001-.106.  According to the original petition, Jack Jones purchased an ongoing fitting and dispensing business in Austin, Texas, and subsequently learned that at the time of its purchase the prior business had a referral contract in place with Aidright.  Under the referral contract, Aidright advertises on the Internet for patients in Texas, provides information to assist prospective patients in selecting a hearing instrument, and then refers prospective patients to licensed providers, such as Jack Jones.  In exchange, Aidright collects a referral fee for each hearing aid sold.  When Aidright approached Jack Jones about renewing and modifying the contract, a dispute arose concerning the validity of the agreement.

Allegedly concerned that certain provisions in the referral contract would violate the Texas Occupations Code, Jack Jones challenged the referral contract in district court.  Specifically, Jack Jones sued both Aidright and the Committee seeking declarations that (1) the contract violates chapters 102 and 402 of the Texas Occupations Code as an illegal referral and (2) performing the contract would violate the prohibition in chapter 402 and the Committee's rules on aiding in the unauthorized practice of fitting and dispensing.  *Id*. §§ 102.001(a), .008(a) (West 2004) (prohibiting payments for the solicitation of patients to or from person licensed, certified, or registered by state health care regulatory agency); *id*. §§ 402.201, .451(b)(2), .501(6), (21) (West Supp. 2011) (prohibiting non-license holder from representing authority to fit and dispense hearing instruments, prohibiting purchase of solicitation list compiled by non-license holder); 22 Tex. Admin. Code § 141.2(15) (2011) (defining "fitting and dispensing").  The Committee responded to the lawsuit by filing a general denial and a plea to the jurisdiction.

In its plea to the jurisdiction, the Committee argued that the trial court lacked subject-matter jurisdiction over Jack Jones's claims against the Committee for two reasons.  First, the Committee

2

asserted that the claims were barred by sovereign immunity, and second, the Committee asserted that Jack Jones lacked standing with respect to the claims against it. Jack Jones filed traditional and no-evidence motions for summary judgment against both the Committee and Aidright. The Committee responded to both of Jack Jones's motions, and Aidright responded to Jack Jones's no-evidence motion for summary judgment. Subsequently, the trial court granted the Committee's plea to the jurisdiction and, the same day, granted Jack Jones's motions for summary judgment against Aidright alone.[1]

## DISCUSSION

In its sole issue on appeal, Jack Jones asserts that the trial court erred when it granted the Committee's plea to the jurisdiction. Jack Jones asserts that the Committee is a proper and necessary party to the lawsuit and that the Committee's sovereign immunity is waived under the Uniform Declaratory Judgments Act and section 2001.038 of the Texas Administrative Procedure Act. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 37.003-.004 (West 2008); Tex. Gov't Code Ann. § 2001.038(a) (West 2008). In response, the Committee argues that the trial court properly concluded that it lacked subject-matter jurisdiction over Jack Jones's claims against it. In addition, the Committee argues that Jack Jones now lacks standing to appeal the trial court's order granting its plea to the jurisdiction. Because this latter argument implicates this Court's subject-matter jurisdiction, we

---

[1] According to the trial court's summary judgment, Aidright failed to appear at the hearing on Jack Jones's motions for summary judgment, despite having been served with notice of the hearing. Further, Aidright did not file a response to Jack Jones's traditional motion for summary judgment, and Aidright's response to Jack Jones's no-evidence motion for summary judgment was not considered by the court because it was filed and signed by a non-lawyer on behalf of the corporate defendant. *See Simmons, Jannace & Stagg, L.L.P. v. Buzbee Law Firm*, 324 S.W.3d 833, 833 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) (noting that corporations, as legal rather than natural persons, cannot represent themselves and must be represented by counsel).

address whether Jack Jones has standing to appeal the trial court's order before we address the merits of the appeal.

Subject-matter jurisdiction is essential to the authority of a court to decide a case. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 444-45 (Tex. 1993). Subject-matter jurisdiction is never presumed and may be raised for the first time on appeal by a party or *sua sponte* by a reviewing court. *Id.* Standing is a component of subject-matter jurisdiction and identifies those suits appropriate for judicial determination. *Brown v. Todd*, 53 S.W.3d 297, 305 & n.3 (Tex. 2001). The Committee argues that, to the extent there was ever subject-matter jurisdiction in the trial court, Jack Jones now lacks standing on appeal because, as a result of the trial court's granting of summary judgment, it obtained full relief in the trial court. For the reasons set forth below, we agree.

Standing is limited to those cases involving a distinct injury to the plaintiff and a live controversy between the parties that will actually be determined by the judicial determination sought. *Id.*; *Texas Ass'n of Bus.*, 852 S.W.2d at 444. The requirement of standing safeguards the separation of powers, ensuring that the judiciary does not encroach upon the executive branch by rendering advisory opinions, that is, opinions that decide abstract questions of law without binding the parties. *Texas Ass'n of Bus.*, 852 S.W.2d at 444; *Brinkley v. Texas Lottery Comm'n*, 986 S.W.2d 764, 767 (Tex. App.—Austin 1999, no pet.).

Even in those cases in which standing exists, a case may become moot on appeal if a controversy ceases to exist or the parties lack a legally cognizable interest in the outcome. *Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 642 (Tex. 2005). Accordingly, while a party is generally entitled to appellate review, it must make a prima facie showing that its interest has been prejudiced or

4

adversely affected by the trial court's judgment before it has standing to appeal. *See In re Estate of Denman*, 270 S.W.3d 639, 642 (Tex. App.—San Antonio 2008, pet. denied); *Gorman v. Gorman*, 966 S.W.2d 858, 864 (Tex. App.—Houston [1st Dist.] 1998, pet. denied). A party may not complain on appeal of errors "that do not injuriously affect it or that merely affect the rights of others." *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 843 (Tex. 2000); *Evans v. First Nat'l Bank of Bellville*, 946 S.W.2d 367, 372 (Tex. App.—Houston [14th Dist.] 1997, writ denied).

The dispute in this case centers on the validity of the alleged contractual obligations between two private parties, Jack Jones and Aidright. Jack Jones sought a declaration that the referral contract is void as against public policy because it violates chapters 102 and 402 of the occupations code and the Committee's related rules. While Jack Jones's request for declaratory relief implicates the occupations code, Jack Jones did not seek a declaration construing any statute. *See Texas Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 634-35 (Tex. 2010) (recognizing that Uniform Declaratory Judgments Act waives immunity when suit is for declaration as to construction or validity of statute); *cf. Texas Dep't of Ins. v. Reconveyance Servs., Inc.*, 306 S.W.3d 256, 258 (Tex. 2010) (explaining that ultra vires suit may not be brought against governmental unit, but instead against government actor in his official capacity). Similarly, while Jack Jones's allegations implicate the Committee's rules, Jack Jones did not seek a declaration with regard to the validity or applicability of any rule. *See* Tex. Gov't Code Ann. § 2001.038(a) ("The validity or applicability of a rule . . . may be determined in an action for declaratory judgment if it is alleged that the rule or its threatened application interferes with or impairs, or threatens to interfere with or impair, a legal right or privilege of the plaintiff."). Rather, Jack Jones sought a declaration that the referral contract, if it were performed,

would violate those laws. Upon reviewing the contract at issue, the trial court granted Jack Jones's motion for summary judgment in full. Every declaration that Jack Jones sought was granted against Aidright, and Jack Jones was awarded full relief.

In light of this grant of summary judgment, Jack Jones has failed to explain, and we fail to see, how the trial court's granting of the Committee's plea to the jurisdiction has adversely affected any legally recognized interest of Jack Jones. *See County of El Paso v. Ortega*, 847 S.W.2d 436, 442 (Tex. App.—El Paso 1993, no writ) ("An aggrieved party is one who has an interest recognized by law which is injuriously affected by the trial court's judgment."). Jack Jones argues that the issue in this case is whether it has standing to include the Committee in its suit below, not whether Jack Jones has standing to appeal. Jack Jones asserts that "without the agency being bound . . . the resulting judgment is incomplete" because the Committee "may attempt to take a contrary position in the future." However, Jack Jones requested and received declarations that the referral contract between Aidright and Jack Jones violates chapters 102 and 402 of the Texas Occupations Code and is void as against public policy as a result. We fail to see any circumstances in which the Committee would ever take the position that the referral contract between Aidright and Jack Jones does not violate the occupations code or the Committee's rules. Moreover, Jack Jones has failed to explain or demonstrate how any attempt by the Committee to take a contrary position in the future would prejudice or adversely affect any legally cognizable interest belonging to Jack Jones. *See Brinkely*, 986 S.W.2d at 767-68 ("The court will not declare rights on facts which have not arisen or adjudicate matters which are contingent, uncertain or rest in the future." (citing 26 C.J.S. Declaratory Judgments, § 28 (1956))); *see also Texas Ass'n of Bus.*, 852 S.W.2d at 444 (explaining that Uniform Declaratory Judgments Act is procedural

device "for deciding cases already within a court's jurisdiction rather than legislative enlargement of court's power, permitting the rendition of advisory opinions").

Any controversy, to the extent it ever existed between the Committee and Jack Jones in the Aidright contract, ceased to exist when the trial court declared that the Aidright contract is void. Accordingly, any action taken by this Court on the merits of Jack Jones's appeal would be purely advisory, and we dismiss the appeal for want of jurisdiction.

## CONCLUSION

Having determined that Jack Jones lacks standing to bring this appeal, we dismiss the appeal for want of jurisdiction.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Dismissed for Want of Jurisdiction

Filed:   March 22, 2012

7