DISMISS; Opinion issued October 10, 2012



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

### No. 05-11-00121-CV

---

## BRIA BRYANT, Appellant

### V.

## US BANK NATIONAL ASSOCIATION AS TRUSTEE FOR
## THE REGISTERED HOLDER OF ABFC 2007-WMCI TRUST, Appellee

---

### On Appeal from the County Court at Law No. 5
### Dallas County, Texas
### Trial Court Cause No. CC-11-00057-E

---

# MEMORANDUM OPINION

Before Chief Justice Wright and Justices Francis and Lang-Miers
Opinion By Chief Justice Wright

In this appeal, Bria Bryant challenges the trial court's order dismissing for want of prosecution the forcible detainer action brought against her by US Bank National Association as Trustee for the Registered Holder of ABFC 2007-WMCI Trust. Because it did not appear Bryant's rights were prejudiced by the trial court's order, a requirement to be entitled to appellate review, we questioned Bryant's standing to bring, and our jurisdiction over, this appeal. *See Jack Jones Hearing Ctrs., Inc. v. State Comm. of Exam'rs in Fitting and Dispensing of Hearing Instruments,* 363 S.W.3d 911, 914 (Tex. App.—Austin 2012, no pet.). By letter dated April 17, 2012, we directed Bryant to file a letter brief addressing our concern within ten days of the date of the letter. We directed US Bank to file any response within fourteen days. To date, Bryant has not filed the brief or otherwise

communicated with the Court.

Standing, which focuses on who may bring a lawsuit, is a prerequisite to subject matter jurisdiction, which is essential to a court's power to decide a case. *See Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 502 (Tex. 2010), *cert. denied*, 131 S. Ct. 1017 (2011); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). To have standing on appeal, and invoke the subject matter jurisdiction of the reviewing court, a party to a suit must make a prima facie showing that its interests have been prejudiced or adversely affected by the judgment. *See Jack Jones*, 363 S.W.3d at 914. Standing, like subject matter jurisdiction, is never presumed and may be raised sua sponte by the reviewing court at any time during the pendency of the appeal. *Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 517 n.15 (Tex. 1995); *Tex. Ass'n of Bus.*, 852 S.W.2d at 443–44; *Concerned Cmty. Involved Dev., Inc. v. City of Houston*, 209 S.W.3d 666, 670 (Tex. App.—Houston [14th Dist.] 2006, pet. denied).

Because a dismissal of a suit for want of prosecution has the same effect as if the suit had never been filed, it affects the rights of the party bringing the suit. *See Shaw v. Corcoran*, 570 S.W.2d 96, 98 (Tex. App.—Austin 1978, no writ). Having brought the suit, US Bank was the party affected by the dismissal order, not Bryant. Accordingly, because Bryant's rights were not affected by the dismissal order, she lacks standing to pursue the appeal and we lack jurisdiction over the appeal. We dismiss the appeal. *See* TEX. R. APP. P. 42.3(a).

_____
CAROLYN WRIGHT
CHIEF JUSTICE

110121F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

BRIA BRYANT, Appellant

No. 05-11-00121-CV     V.

US BANK NATIONAL ASSOCIATION AS TRUSTEE FOR THE REGISTERED HOLDER OF ABFC 2007-WMCI TRUST, Appellee

Appeal from the County Court at Law No. 5 of Dallas County, Texas. (Tr.Ct.No. CC-11-00057-E).

Opinion delivered by Chief Justice Wright, Justices Francis and Lang-Miers participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal. We **ORDER** that appellee US Bank National Association as Trustee for the Registered Holder of ABFC 2007-WMCI Trust recover its costs, if any, of this appeal from appellant Bria Bryant.

Judgment entered October 10, 2012.

_____
CAROLYN WRIGHT
CHIEF JUSTICE