

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00952-CV

**PROTOTYPE MACHINE COMPANY**,
Appellant

v.

Toledo P. **BOULWARE,** et al.,
Appellees

From the 63rd Judicial District Court, Kinney County, Texas
Trial Court No. 3469
Honorable Enrique Fernandez, Judge Presiding

Opinion by:     Sandee Bryan Marion, Chief Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Rebeca C. Martinez, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed: February 27, 2019

DISMISSED

In this water rights case, the trial court severed all claims by and against appellant Prototype Machine Company ("Prototype") from the original cause number into a separate cause number. Prototype now appeals from the final judgment entered in the original cause number, and appellees have moved to dismiss the appeal for lack of jurisdiction. Because Prototype is not a party to the cause number appealed from and therefore lacks standing to appeal, we dismiss this appeal for lack of appellate jurisdiction.

**Background**

Prototype filed a plea in intervention, plea to the jurisdiction, request for declaratory judgment, and objection to judgment in Cause Number 3469 in the trial court ("the Original Cause"). The trial court struck Prototype's plea in intervention and denied the plea to the jurisdiction as moot. Over Prototype's objection, the trial court severed "all of the causes and claims filed by" Prototype into Cause Number 3469-A ("the Severed Cause"). Prototype filed a notice of appeal in the Severed Cause, and this court dismissed that appeal for lack of jurisdiction because no final, appealable judgment had yet been entered in the Severed Cause, where appellees' claims for attorney's fees and costs against Prototype remained pending. *Prototype Mach. Co. v. Boulware*, No. 04-18-00441-CV, 2018 WL 6331059, at *1 (Tex. App.—San Antonio Dec. 5, 2018, no pet. h.) (mem. op.) (per curiam).[1]

Prototype subsequently filed this appeal from the final judgment entered in the Original Cause. Appellees filed a motion to dismiss this appeal for lack of jurisdiction, arguing Prototype is no longer a party to the Original Cause in light of the severance order and lacks standing to appeal. Appellees also request sanctions.

**Discussion**

"Generally, only parties of record may appeal a final judgment."[2] *Gore Family Ltd. P'ship, Ltd. v. Gore*, No. 01-17-00165-CV, 2018 WL 3384554, at *2 (Tex. App.—Houston [1st Dist.] July 12, 2018, no pet.) (mem. op.). When the trial court severs all claims by or against a party into

---

[1] Because appellees' motion to dismiss and Prototype's response refer to the contents of the clerk's record in appeal number 04-18-00441-CV, on the court's own motion, the clerk's record in appeal number 04-18-00441-CV has been made a part of the record in this appeal.

[2] The supreme court has recognized a limited exception, known as the "virtual-representation doctrine," when "a person or entity who was not a named party in the trial court may pursue an appeal in order to vindicate important rights." *In re Lumbermens Mut. Cas. Co.*, 184 S.W.3d 718, 723 (Tex. 2006). Prototype, however, does not argue this exception applies here.

another cause number, that party is no longer a party of record in the original cause number and lacks standing to appeal from a final judgment in the original cause number. *See, e.g., Gore*, 2018 WL 3384554, at \*2; *Gutierrez v. Zurich Am. Ins. Co.*, No. 07-07-0055-CV, 2007 WL 1287103, at \*2 (Tex. App.—Amarillo May 2, 2007, no pet.) (mem. op.); *N.H. Ins. Co. v. Tobias*, 80 S.W.3d 146, 148 (Tex. App.—Austin 2002, no pet.).

Here, the trial court severed all claims by or against Prototype into the Severed Cause. Accordingly, Prototype is no longer a party to the Original Cause and lacks standing to appeal from the final judgment entered in the Original Cause. For this reason, we dismiss this appeal for lack of jurisdiction. Appellees' request for sanctions is denied.

## Conclusion

This is appeal is dismissed for lack of jurisdiction.

Sandee Bryan Marion, Chief Justice