

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00052-CR

EX PARTE CHEYENNE BIGELOW

On Appeal from the 76th District Court
Titus County, Texas
Trial Court No. 40781

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Cheyenne Bigelow was indicted on two counts of aggravated robbery and two counts of murder in Titus County. In connection with the events giving rise to these indictments, Bigelow was also arrested for aggravated assault with a deadly weapon and has not been indicted for this offense. No bond was set for these five offenses. Finally, Bigelow was indicted for the offense of possession of a controlled substance. Bond was set by the trial court on this offense in the amount of $20,000.00.

Bigelow appeals from the denial of relief from a petition for writ of habeas corpus filed in the trial court. That petition asked the trial court to set bond for five offenses for which bond was previously denied. The petition also asked the trial court to reduce the bond amount of $20,000.00 for the only offense in which bond had been set—possession of a controlled substance.

The trial court issued an order granting the petition for writ of habeas corpus and set the matter for a hearing. Following the hearing, the trial court issued an order setting bond on the five offenses for which bond was previously denied.[1] The trial court therefore granted Bigelow's request for relief with respect to those five offenses. Because the trial court granted the requested relief with respect to the first five offenses, there is nothing to appeal. "Generally, an appeal may be brought only by parties who have been injured by the trial court's judgment." *Ex parte Williams*, No. 05-16-01206-CV, 2017 WL 118108, at *1 (Tex. App.—Dallas Jan. 12, 2017, no pet.) (mem. op.) (citing *Jack Jones Hearing Ctrs., Inc. v. State Comm. of Exam'rs in Fitting &*

---

[1] The trial court set bond in the amount of (1) $20,000.00 for the unindicted offense of aggravated assault with a deadly weapon; (2) $500,000.00 on both counts of aggravated robbery; and (3) $1,000,000.00 on both counts of murder.

2

*Dispensing of Hearing Instruments*, 363 S.W.3d 911, 914 (Tex. App.—Austin 2012, no pet.)). "An appellant does not have standing, and this Court does not have jurisdiction, over an appeal of a judgment that does not injure an appellant." *Id*. (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993) (holding that standing is implicit in the concept of subject-matter jurisdiction, which is essential to a court's authority to decide a case)).

The trial court's order did not grant or deny relief on petitioner's request to reduce the bond amount associated with the charged offense of possession of a controlled substance. The order did not indicate that all relief not granted in its order was denied. Further, the record of the hearing indicates that Bigelow made no argument to reduce the bond amount on the possession charge. There is no mention of a reduction in the $20,000.00 bond amount. It therefore appears that the trial court did not rule on this request, as set out in the petition for writ of habeas corpus.

Because the trial court did not rule on the request to reduce the $20,000.00 bond on the possession charge, the trial court's order is not appealable on that issue. "Jurisdiction concerns the power of a court to hear and determine a case." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The jurisdiction of an appellate court "must be legally invoked, and when not legally invoked, the power of the court to act is absent as if it did not exist." *Id*. at 523. An appellate court does not have jurisdiction over an appeal absent a written judgment or order. *See Nikrasch v. State*, 698 S.W.2d 443, 450 (Tex. App.—Dallas 1985, no pet.).

By letter dated April 17, 2019, we informed Bigelow of the potential jurisdictional issue stemming from the lack of an appealable order and provided Bigelow an opportunity to demonstrate how we have jurisdiction notwithstanding the noted defect. Bigelow responded that she did not receive

3

the requested relief and she should therefore have the right to complain about the trial court's decision. For the reasons stated above, we disagree.

Because the trial court's April 15, 2019, bond order denial does not constitute an appealable order, we lack jurisdiction over this appeal. Consequently, we dismiss the appeal for want of jurisdiction.

                              Josh R. Morriss, III
                              Chief Justice

Date Submitted:      May 23, 2019
Date Decided:        May 24, 2019

Do Not Publish