**DISMISS and Opinion Filed October 28, 2019**



**In The**

## Court of Appeals
## Fifth District of Texas at Dallas

**No. 05-19-00391-CV**

**GOLDFARB PLLC, Appellant**
**V.**
**ALAN P. MCDONALD, Appellee**

**On Appeal from the 301st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-16-03747**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Whitehill, and Justice Molberg
Opinion by Chief Justice Burns

This is an appeal from a final decree of divorce and severance order. As reflected in the record, appellant intervened in the divorce proceeding seeking to recover attorney's fees from appellee for its representation of appellee's ex-wife during the divorce. The claim was severed from the divorce before the divorce was finalized and appears to remain pending in the severed cause.

Because the right to seek appellate review is limited to those whose interests are concluded or prejudiced by the challenged judgment, we questioned appellant's standing to bring the appeal and our jurisdiction. *See State v. Naylor*, 466 S.W.3d 783, 787 (Tex. 2015); *Jack Jones Hearing Ctrs., Inc. v. State Comm. of Exam'rs in Fitting and Dispensing of Hearing Instruments*, 363 S.W.3d 911, 914 (Tex. App.—Austin 2012, no pet.); *Stroud v. Stroud*, 733 S.W.2d 619, 620 (Tex.

App.—Dallas 1987, no writ). In briefing filed at our request, appellant argues it "is effectively appealing from the trial court's 'just and right' division of assets and liabilities, as it seeks an order awarding certain fees to be payable to the firm."[1] Appellant's claim for attorney's fees, however, was severed from the divorce and not determined by the decree. Accordingly, appellant's interests were not concluded or prejudiced by the decree, and appellant has no standing to appeal from the decree. *See Jack Jones*, 363 S.W.3d at 914; *Stroud*, 733 S.W.2d at 620; *see also N.H. Ins. Co. v. Tobias*, 80 S.W.3d 146, 148 (Tex. App.—Austin 2002, no pet.) (because appellant's claims were severed from original cause, appellant is no longer party to original cause and cannot appeal from that cause).

Lacking jurisdiction, we dismiss the appeal. *See* TEX. R. APP. P. 42.3(a).

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

190391F.P05

---

[1] Appellant also argues the decree did not dispose of all claims and is not final. *See Lehmann v. Har-Con Corp.* 39 S.W.3d 191, 195 (Tex. 2001). However, the decree followed a bench trial and includes "finality language." *See id.* at 204, 206.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GOLDFARB PLLC, Appellant

No. 05-19-00391-CV    V.

ALAN P. MCDONALD, Appellee

On Appeal from the 301st Judicial District Court, Dallas County, Texas
Trial Court Cause No. DF-16-03747.
Opinion delivered by Chief Justice Burns, Justices Whitehill and Molberg participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

We **ORDER** that appellee Alan P. McDonald recover his costs, if any, of this appeal from appellant Goldfarb PLLC.

Judgment entered October 28, 2019.