# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00184-CV

---

**C. M., Appellant**

**v.**

**Texas Department of Family and Protective Services and D. M., Appellees**

---

**FROM THE 261ST DISTRICT COURT OF TRAVIS COUNTY**
**NO. D-1-FM-19-006367, THE HONORABLE AURORA MARTINEZ-JONES, JUDGE PRESIDING**

---

## MEMORANDUM OPINION

The trial court signed a final judgment terminating the parental rights of D.M. (Mother) and A.D. (Father) to their child, C.M. As to each parent, the trial court found by clear and convincing evidence that statutory grounds for termination exist—specifically, under subsection (K) of Section 161.001(b)(1) of the Family Code—and that termination of parental rights was in the child's best interest.[1] *See* Tex. Fam. Code § 161.001(b)(1)(K), (2). Although neither Mother nor Father appealed the judgment, C.M.'s attorney ad litem filed a notice of appeal on C.M.'s behalf.

In his sole issue on appeal, C.M. complains that the trial court failed to sign a judgment in accordance with the parties' mediated settlement agreement (MSA). Specifically,

---

[1] Subsection (K) provides that a trial court may order termination of the parent-child relationship if it finds by clear and convincing evidence that the parent has "executed before or after the suit is filed an unrevoked and irrevocable affidavit of relinquishment of parental rights as provided by this chapter." Tex. Fam. Code § 161.001(b)(1)(K).

C.M. argues that under the terms of the MSA, the parties agreed that the trial court could terminate Mother's and Father's parental rights under subsection (O) if they failed to file an affidavit for voluntarily relinquishment of their parental rights by March 1, 2021, and that Mother failed to file an affidavit of relinquishment by that date.[2]  Although Mother filed an affidavit of relinquishment before March 30, 2021, when her parental rights were terminated, C.M. contends that the trial court was nevertheless obligated to terminate Mother's parental rights under subsection (O) and that, consequently, the trial court abused its discretion by denying C.M.'s request for a subsection (O) finding.  C.M. does not argue that the termination of Mother's parental rights should be reversed, only that the judgment should be corrected to reflect a finding that termination is warranted under section (O).  The Department and Mother have now each filed motions to dismiss C.M.'s appeal for want of jurisdiction, asserting that C.M. lacks standing to bring this appeal.

"Texas courts have long held that an appealing party cannot complain of errors that do not injuriously affect it or that merely affect the rights of others." *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 843 (Tex. 2000); *see A.P. v. Texas Dep't of Fam. & Protective Servs.*, No. 03-18-00780-CV, 2019 Tex. App. LEXIS 2268, at *2-3 (Tex. App.—Austin Mar. 26, 2019, no pet.) (mem. op.) (dismissing parents' appeal for lack of jurisdiction because all issues on appeal concerned rulings on grandmother's petition in intervention).  Therefore, to have standing to appeal, a party must make a prima facie showing that its interests are prejudiced or adversely

---

[2]  Subsection (O) provides that a trial court may order termination if it finds by clear and convincing evidence that the parent failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child.  *Id.* § 161.001(b)(1)(O).  To terminate parent rights under any statutory ground, the trial court must also find that termination is in the child's best interest.  *See id.* § 161.001(b)(2).

affected by the disputed order or judgment. *Jack Jones Hearing Ctrs., Inc. v. State Comm. of Exam'rs in Fitting & Dispensing of Hearing Instruments*, 363 S.W.3d 911, 914 (Tex. App.—Austin 2012, no pet.). As a general rule, a party who obtains a favorable judgment in the lower court may not appeal that judgment merely for the purpose of striking findings and conclusions with which it does not agree. *Texas Comm'n on Envt'l Quality v. Bonser-Lain*, 438 S.W.3d 887, 892 (Tex. App.—Austin 2014, no pet.).

In response to the motions to dismiss, C.M. asserts that he has standing to bring this appeal because "[t]he trial court's refusal to enter full judgment on the mediated settlement agreement . . . in this case has adversely affected [C.M.'s] legally recognized interest in having the MSA enforced as a contract." C.M. has not explained, however, how his interests were in any way prejudiced or adversely affected by the fact that the trial court terminated Mother's parental rights based on subsection (K) as opposed to subsection (O). *See Torrington Co.*, 46 S.W.3d at 843; *Jack Jones Hearing Ctrs.*, 363 S.W.3d at 914. Consequently, we conclude that C.M. does not having standing to bring this appeal. We grant appellees' motions and dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

Chari L. Kelly, Justice

Before Justices Goodwin, Triana, and Kelly

Dismissed for Want of Jurisdiction

Filed: June 18, 2021

3