ACCEPTED
03-14-00661-CV
3720189
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/22/2015 3:41:48 PM
JEFFREY D. KYLE
CLERK

No. 03-14-00661-CV

# IN THE COURT OF APPEALS
# THIRD JUDICIAL DISTRICT
# AT AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
1/22/2015 3:41:48 PM
JEFFREY D. KYLE
Clerk

---

DEVVY KIDD, ET AL,
*Appellants*,

v.

PUBLIC UTILITY COMMISSION OF TEXAS,
*Appellee*.

---

On Appeal from the 419th District Court
of Travis County, Texas

---

**BRIEF OF APPELLANTS DEVVY KIDD, ET. AL.**

---

ROGER B. BORGELT
State Bar No. 02667960
Borgelt Law
614 S. Capital of Texas Hwy.
Austin, Texas 78746
(512) 600-3467 (Tel.)
roger@borgeltlaw.com

COUNSEL OF RECORD

ORAL ARGUMENT REQUESTED

Cause No. 03-14-00661-CV

| | | |
|---|---|---|
| Devvy Kidd, John Kidd, M.J. Shadden, | ) | |
| John Cole, R.M.Dailey, Tracy Stephens, | ) | |
| Patricia Stroyick, Dorothy Morrow, | ) | |
| Charles Morrow, Amy Williams, | ) | |
| David Williams, Norman Kuehn, | ) | |
| Elizabeth Theiss, Rebecca Gutierrez, | ) | |
| Marie Nugent, Steve G. Crutchfield, | ) | |
| Linda A. Crutchfield, Kendall C. Palmer, | ) | |
| MA Kirk, Kaydene Jordan, Bobby Jordan, | ) | |
| Tom Brazen, David J. Allen,Patt Allen, | ) | |
| David Scot Houlette,Denis Lullenkamp, | ) | IN THE COURT OF |
| Kathy Lullenkamp, China Lanier | ) | |
| Donna Lee Wilson, Julia Nathan, M.D., | ) | APPEALS, THIRD |
| Giselle Ellis, Gerald Sawyer, | ) | |
| Beverely Hickman, Thomas Hickman, | ) | DISTRICT OF TEXAS |
| Cindy Carriger, Deborah Wiseman, | ) | |
| Newly Sage, Russell Sage, Beth Biesel, | ) | |
| Lacy Crary, Dardine Roedel, | ) | |
| Harold Boenig, Joyce Kelley, | ) | |
| Brenda Denholm, Michael Denholm, | ) | |
| Mark Atkins, Robert Paul, | ) | |
| Thelma Taormina, Nick Taormina, | ) | |
| Sherman Rogers, Judy Chambers, | ) | |
| Wayne Chambers, Jeffrey Emrich, | ) | |
| Jill Freidman, Dolores Bolock, | ) | |
| Bruce Bolock, Jackqulyn Bodenstedt, | ) | |
| Twyla Parsons, Amanda M. Voelkel, | ) | |
| Michelle T. Voelkel, Nell Reynolds, | ) | |
| Stanley Reynolds, Katrina Evenhouse, | ) | |
| Randall Evenhouse, Patricia Ignazio, | ) | |
| Joseph Ignazio, Gina Gentile, | ) | |
| James Gentile, John Tyson, | ) | |
| Steve Gagnon, Thomas Bailey, | ) | |
| Alfreda Ballard, James Benge, | ) | |
| Linda Rund, Frank Harriss, | ) | |
| Sam Harris, Lysbeth Warneke, | ) | |
| Ralph Shawver, Shelley McCoy, | ) | |
| Brian Dansby, Mo Bond, David Bond, | ) | |

John Buffa, Melissa Gochnour,                           )
Jeffrey Gochnour, Amy Watkins,                          )
Donald Anderson, Carol Dean,                            )
Michelle Guy, Terry Guy,                                )
Evelyn Montalvo, Abel Montalvo,                         )
Gay Armstrong, Dave Armstrong,                          )
Diane Wilson, John Wilson,                              )
Beatrice Worley, Lawrence Worley,                       )
Eva Finegan, Patti Glass, Ken Glass,                    )
Dagne Florine, Ph.D., Cynthia Wilkes,                   )
Michael Wilkes, Lolly Nayola,                           )
John Tweedell, Carolynne Tweedel,                       )
Marita Segal, Howard Segal, Rita Trauth,                )
Dr. Christopher Trauth, Toni White,                     )
Janice Pearson, Ricky Pearson,                          )
JoAnn Louise Zant, Nathan Lloyd Zant,                   )
Hoi Heldt, Rochelle Wilkes, Corey Wilkes,               )
Daryl Hampton, Kathleen Grimes,                         )
Brian Grimes, Cindy Schafer,                            )
Mary Stayton, Ellen Mickle, Ingrid Stassi,              )
Joe Stassi, Gaye Haehnel, Billy Haehnel,                )
Erin Konkel, Nancy Lochridge,                           )
Byron Lockridge, Gemi Powell,                           )
Gregory Johnson                                         )
                                                        )
    Appellants,                     )
                                                        )
      v.                   )
                                                        )
Public Utility Commission of Texas,                     )
                                                        )
    Appellee.                        )
                                                        )

2

## APPELLANTS' INITIAL BRIEF

### I. Identity of Parties and Counsel

**Devvy Kidd, John Kidd, M.J. Shadden, John Cole, R.M.Dailey, Tracy Stephens, Patricia Stroyick, Dorothy Morrow, Charles Morrow, Amy Williams, David Williams, Norman Kuehn, Elizabeth Theiss, Rebecca Gutierrez, Marie Nugent, Steve G. Crutchfield, Linda A. Crutchfield, Kendall C. Palmer, MA Kirk, Kaydene Jordan, Bobby Jordan, Tom Brazen, David J. Allen, Patt Allen, David Scot Houlette, Denis Lullenkamp, Kathy Lullenkamp, China Lanier, Donna Lee Wilson, Julia Nathan, M.D., Giselle Ellis, Gerald Sawyer, Beverely Hickman, Thomas Hickman, Cindy Carriger, Deborah Wiseman, Newly Sage, Russell Sage, Beth Biesel, Lacy Crary, Dardine Roedel, Harold Boenig, Joyce Kelley, Brenda Denholm, Michael Denholm, Mark Atkins, Robert Paul, Thelma Taormina, Nick Taormina, Sherman Rogers, Judy Chambers, Wayne Chambers, Jeffrey Emrich, Jill Freidman, Dolores Bolock, Bruce Bolock, Jackqulyn Bodenstedt, Twyla Parsons, Amanda M. Voelkel, Michelle T. Voelkel, Nell Reynolds, Stanley Reynolds, Katrina Evenhouse, Randall Evenhouse, Patricia Ignazio, Joseph Ignazio, Gina Gentile, James Gentile, John Tyson, Steve Gagnon, Thomas Bailey, Alfreda Ballard, James Benge, Linda Rund, Frank Harriss, Sam Harris, Lysbeth Warneke, Ralph Shawver, Shelley McCoy, Brian Dansby, Mo Bond, David Bond, John Buffa, Melissa Gochnour, Jeffrey Gochnour, Amy Watkins, Donald Anderson, Carol Dean, Michelle Guy, Terry Guy, Evelyn Montalvo, Abel Montalvo, Gay Armstrong, Dave Armstrong, Diane Wilson, John Wilson, Beatrice Worley, Lawrence Worley, Eva Finegan, Patti Glass, Ken Glass, Dagne Florine, Ph.D., Cynthia Wilkes, Michael Wilkes, Lolly Nayola, John Tweedell, Carolynne Tweedel, Marita Segal, Howard Segal, Rita Trauth, Dr. Christopher Trauth, Toni White, Janice Pearson, Ricky Pearson, JoAnn Louise Zant, Nathan Lloyd Zant, Hoi Heldt, Rochelle Wilkes, Corey Wilkes, Daryl Hampton, Kathleen Grimes, Brian Grimes, Cindy Schafer, Mary Stayton, Ellen Mickle, Ingrid Stassi, Joe Stassi, Gaye Haehnel, Billy Haehnel, Erin Konkel, Nancy Lochridge, Byron Lockridge, Gemi Powell, and Gregory Johnson, Appellants**

3

Roger B. Borgelt
Borgelt Law
614 S. Capital of Texas Hwy.
Austin, TX 78746
O: 512.600.3467
Mobile: 512.870.7533

SBN:02667960
E: roger@borgeltlaw.com

**Attorney for Devvy Kidd, et.al.**


**Public Utility Commission of Texas, Appellee**


Kellie E. Billings-Ray
Assistant Attorney General
kellie.billings-ray@texasattorneygeneral.gov
Environmental Protection Division
Office of the Attorney General
P.O. Box 12548, MC-066
Austin, Texas 78711
**Attorney for Public Utility Commission of Texas**


**CenterPoint Energy Houston Electric LLC, Appellee**

Jason M. Ryan
Assistant General Counsel
CenterPoint Energy Service Company LLC
1111 Louisiana Street
Houston, Texas 77002
Tele: 713.207.7261
Fax: 713.574.2261
jason.ryan@centerpointenergy.com
Dale Wainwright
dale.wainwright@bgllp.com
W. Stephen Benesh
steve.benesh@bgllp.com

4

Davison W. Grant
davison.grant@bgllp.com
Lindsay Hagans
Lindsay.hagans@bgllp.com
BRACEWELL & GIULIANI LLP
111 Congress Avenue, Suite 2300
Austin, Texas 78707-4061
Tele: (512) 472-7800
Fax: (800) 404-3970
**Attorneys for CenterPoint Energy Houston Electric, LLC**


**Oncor Electric Delivery Co., Appellee**

Jo Ann Biggs
Cortney C. Thomas
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201-2975
jbiggs@velaw.com
Tele: 214-220-7735
Fax: 214-999-7735
**Attorneys for Oncor Electric Delivery Co.**


**Texas-New Mexico Power Company, Appellee**

Patrick R. Cowlishaw
Stephanie C. Sparks
JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
Tele: 214-953-6000
Fax: 214-953-5822
pcowlishaw@jw.com
Scott Seamster
Corporate Counsel
State Bar No. 00784939
Texas-New Mexico Power Company
225 E. John Carpenter Fwy, Suite 1500

5

Irving, Texas 75062
Tele:  469-484-8577
Fax:  469-484-8033
scott.seamster@pnmresources.com
**Attorneys for Texas-New Mexico Power Company**

**AEP Texas Central Company and AEP Texas North Company, Appellee**


Patrick Pearsall
DUGGINS WREN MANN & ROMERO
P.O. Box 1149
Austin, Texas 78767
ppearsall@dwmrlaw.com
Tele:  512-744-9300
Fax:  512-744-9399
cthomas@velaw.com
Rhonda Colbert Ryan
American Electric Power Company
400 W. 15th Street, Ste. 1500
Austin, Texas 78701
Tele:  512-481-3321
Fax:  512-481-4587
**Attorneys for AEP Texas Central
Company and AEP Texas North Company**

## II. Table of Contents

IDENTITY OF PARTIES AND COUNSEL................3

TABLE OF CONTENTS.......................7

INDEX OF AUTHORITIES .....................8

STATEMENT OF THE CASE....................9

REQUEST FOR ORAL ARGUMENT.................9

ISSUES PRESENTED ........................10

STATEMENT OF FACTS......................10

SUMMARY OF THE ARGUMENT................11

ARGUMENT ..........................12

POINT OF ERROR NO. 1: Sovereign immunity has been expressly waived by law when rulemaking procedures are not substantially followed.......................12

POINT OF ERROR NO. 2: To have a right to a public hearing and then raise sovereign immunity as a defense when that hearing is denied is to grant a right without a remedy....................20

PRAYER...........................22

CERTIFICATE OF SERVICE..................23

APPENDIX.........................26

## III. Index of Authorities

### Cases

*Combs v. Entertainment Publications, Inc.* 292 S.W.3d 712, 723(Tex. App. – Austin 2009, rehearing overruled)...........................................................................19

*Gulf Coast Coalition of Cities v. Public Utility Com'n*, 161 S.W.3d 706 (Tex.App.—Austin 2005)...........................................................................17

*Miers v. Brouse.* 271 S.W.2d 419 (Tex. 1954) ...........................................21

*National Association of Independent Insurers vs. Texas Department of Insurance*, 925 SW. 2nd 667, 670 (Tex. 1996). ...........................................16, 17

*State v. Rhine*, 297 S.W.3d 301 (Tex.Crim.App. 2009)...........................20

*Tex. Comm'n on Envtl. Quality v. Bonser-Lain*, 438 S.W.3d 887 (Tex.App.-Austin 2014) ...........................................................................13,14

*Texas Shrimp Association , et al. v. Texas Parks and Wildlife Department.* No. 03-04-00788-CV, (Tex. App. – Austin 2005)...........................................18

*Texas State Board of Pharmacy v. Witcher*, No. 3-12-00560-CV (Tex. App. - Austin 2014)...........................................................................15,16

*Unified Loans v. Pettijohn*, 955 SW 2nd 649, 650-651(Tex. App. – Austin 1997, rehearing overruled)...........................................................................17,18

### Statutes

Texas Government Code §2001.029...........................................10,11,17,19,21

Texas Government Code 2001.035...........................................12,13,14,19

### Rules

16 Texas Administrative Code § 22.282(d)...........................................10,11

## IV. Statement of the Case

This appeal is taken from the Order Granting Defendant's Plea to the Jurisdiction signed and entered on September 30, 2014 by Judge Darlene Byrne of the 419th Judicial District of Travis County, Texas. (Appendix, Exhibit B). Appellants had originally appealed the denial of their right to a hearing on The Petition for Initiation of Rulemaking Proceedings filed with the Commission on May 17, 2012. That Petition was assigned Project No. 40404 by the Commission. Appellants' petition was denied in an order filed on or about July 13. 2012 (Appendix, Exhibit A; Order in Project No. 40404, July 13, 2012).

Appellants subsequently filed a timely motion for rehearing, on which no action was taken by the Commission. Appellants then filed their appeal to the Travis County District Court on September 28, 2012. Appellee Public Utility Commission filed its Plea to the Jurisdiction on September 4, 2014.

## V. Request for Oral Argument

Appellants request oral argument, in the belief that this is a case of first impression on the issue at hand which must be distinguished from the decision establishing sovereign immunity upon which Appellees primarily rely. Appellants believe oral argument will assist greatly in establishing that distinction.

## VI. Issues Presented

A. Sovereign immunity has been expressly waived by law when rulemaking procedures are not substantially followed, as they were not in this instance, as this is not an appeal of the denial of a rulemaking, but an appeal of the denial of mandated procedures for conducting a rulemaking.

B. To have a right to a public hearing and then raise sovereign immunity as a defense when that hearing is denied is to grant a right with no remedy.

## VII. Statement of Facts

Appellants, in their appeal, were originally requesting judicial review of decisions by Appellee Public Utility Commission of Texas ("Commission" or "Appellee") both denying their request for (1) a public hearing pursuant to 16 Texas Administrative Code §22.282 and Texas Government Code §2001.029; and (2) the initiation of rulemaking proceedings. These requests were made in The Petition for Initiation of Rulemaking Proceedings filed with the Commission on May 17, 2012.

16 Texas Administrative Code §22.282(d) provides that "[a]n opportunity for public hearing *shall* be granted if requested by at least 25 persons . . . ." (emphasis added) and Texas Government Code §2001.029 also provides that "(b)

-10-

A state agency shall grant an opportunity for a public hearing before it adopts a substantive rule if a public hearing is requested by:… (3) an association having at least 25 members." At least 25 Petitioners made the request for a public hearing in Project 40404, and this has never been disputed. The language used in both the statute and the rule ("shall") is mandatory, yet the Commission refused to grant a public hearing on Appellant's proposed rule.

Appellants' petition was denied in an order filed on or about July 13. 2012, denying the petition *solely* on the grounds that there was another project in which the Commission preferred to address the Petitioners' concerns about smart meters, Project No. 40190. The Commission did not grant a hearing as required by 16 Texas Administrative Code § 22.282(d) or Texas Government Code § 2001.029, or give any reasoning as to why there would be no hearing. Subsequently, Project No. 40404 has never had a public hearing held as required by 16 Texas Administrative Code § 22.282(d) or Texas Government Code § 2001.029.

VIII. Summary of the Argument

Sovereign immunity is specifically waived in the instant case with respect to Appellants right to a public hearing. Appellants had an absolute procedural right to an Administrative Procedures Act public hearing on the petition for rulemaking they filed, provided by law, and the Government Code provides for a right of appeal if these procedures are not strictly followed. The purported inability to

appeal the denial of their requested public hearing, as espoused by the Commission, provides a right with no remedy, a situation which is so inequitable that it could not have been intended, and so must be remedied, as a matter of both statutory construction and public policy.

### IX. Argument

A. Point of Error No. 1- Sovereign immunity has been expressly waived by law when rulemaking procedures are not substantially followed.

Nothing in the statutory or regulatory provisions under review allows the Commission to completely ignore the requirement to hold a public hearing, yet the Commission has done just that. Specifically, it stated, "after considering the petition and documents received, the Commission denies the Petition for Initiation of Rulemaking Proceedings, because the Commission has another project to address Petitioners' concerns about smart meters…" (Order at 5-6). Appellants' request for a public hearing on their proposed rule was completely ignored.

This suit was then brought, in relevant part, on the basis of Texas Government Code 2001.035, which states, in pertinent part:

(a) A rule is voidable unless a state agency adopts it in substantial compliance with Sections 2001.0225 through 2001.034.

(b)  A person must initiate a proceeding to contest a rule on the ground of noncompliance with the procedural requirements of Sections 2001.0225 through 2001.034 not later than the second anniversary of the effective date of the rule.

The Commission, its defense, relies primarily upon *Tex. Comm'n on Envtl. Quality v. Bonser-Lain*, 438 S.W.3d 887 (Tex.App.-Austin 2014) in which this Court held that "[a] person may obtain judicial review of an administrative action only if a statute provides that right, or the action adversely affects a vested property right or otherwise violates a constitutional right. Mega Child Care, 145 S.W.3d at 173. The legislature must provide a right to judicial review through " clear and unambiguous language." See id. at 197 (noting that judicial-review provisions waive sovereign immunity and concluding that section 2001.171 provides limited waiver of sovereign immunity); see also IT-Davy, 74 S.W.3d at 853-54 (legislative waiver of immunity " must be expressed in clear and unambiguous language" ) (citing Tex. Gov't Code § 311.034). Though the legislature has expressly demonstrated its intent to allow judicial review of certain types of agency decisions under the APA, it has not done so with respect to agency decisions on petitions for rulemaking. Based on this deliberate silence, we conclude that the APA does not provide a right to judicial review of an agency's refusal to adopt rules. See Houston Mun. Emps. Pension Sys. v. Ferrell, 248 S.W.3d 151, 158 (Tex. 2007) (" There is

no right to judicial review of an administrative order unless a statute explicitly provides that right or the order violates a constitutional right."); see also 1 Ronald L. Beal, Texas Administrative Practice & Procedure § 3.1 (2009) (concluding that silence " clearly implied the legislature intended to preclude judicial review of the refusal to adopt the rule")."

The *Bonser-Lain* case, cited by the Commission and decided in July of 2014, clearly applies to the ability of parties to appeal the *denial of petitions for rulemaking,* however, that case did not also involve denying a specific request for a public hearing on a petition for rulemaking, which is a procedural requirement of conducting a rulemaking, in violation of Texas Government Code section 2001.035, and therefore has no effect on Appellants claim in that respect.

Appellants were denied their legal rights and told that, though they had in every way complied with the law regarding their right to have a public hearing on their proposal; it simply would not be granted.

No appellate court has yet been asked to interpret the plain meaning of the words "[A] state agency shall grant an opportunity for a public hearing before it adopts a substantive rule if a public hearing is requested by:… (3) an association having at least 25 members." Perhaps this is because there is precious little in this provision that is subject to interpretation. No one has suggested that Appellants did

not have at least 25 members or that the hearing request was not made. The basis for denying the hearing as stated by the Commission, was that it "has another project" in which it preferred to address these issues. The Commission then subsequently failed to hold a public hearing in the project assigned to Appellants' petition.

The Commission, in its plea, seems to suggest that because no rule was ever adopted that was specifically based on the Petition filed by Appellants, there was no right to a hearing, but that reading would allow the Commission to read away the hearing rights of rulemaking petitioners through subterfuge, by simply denying their petitions and then initiating its own rulemaking, as was done here. Essentially, according to the Commission, the legal right to a public hearing on a petitioned for rule can be completely eliminated through a procedural trick, and Appellants are then deprived of their hearing.

Texas courts have long held that the procedures for rulemaking be substantially followed, or else the rules that were adopted can be voided. Specifically, "[i]t is well established that a rule that is not adopted in accordance with the APA's rulemaking procedures is typically invalid." *Texas State Board of Pharmacy v. Witcher*, No. 3-12-00560-CV (Tex. App. - Austin 2014) at 24. "A rule that is not properly promulgated under APA procedures is invalid". *Witcher* at 10. The court's preference for strict adherence to these procedural requirements is longstanding, as the *Witcher* opinion continues in explaining the reasoning for this.

-15-

"The Board also complains that we are required to uphold the Board's decision if there is a rational basis underlying the reciprocal-sanction policy and if there is some evidence that it is applicable under the facts of Witcher's case. However, an agency's legislative rule is binding on all concerned, including the judicial department, only if the rule is (1) reasonable, (2) within the power delegated to the agency, and (3) the *product of proper procedure. (emph. supp.)*General Elec. Credit Corp. v. Smail, 584 S.W.2d 690, 694 (Tex. 1979) (citing and quoting K. Davis, Administrative Law Treatise § 5.03 (1958 ed. and Supps.)); Sharp v. Cox Tex. Publ'ns, Inc., 943 S.W.2d 206, 209 (Tex. App.— Austin 1997, no writ). "When an agency promulgates a rule without complying with proper rule-making procedures, the rule is invalid." El Paso Hosp. Dist. v. Texas Health & Human Servs. Comm'n, 247 S.W.3d 709, 715 (Tex. 2008). Having concluded that the rule here is not the product of proper procedure, it lacks the force of law without regard to its reasonableness vel non." *Witcher* at 41. Failing to follow procedure is thus fatal to the rulemaking process.

In construing Texas Government Code section 2001.033, the Texas Supreme Court held "if courts allow agencies to adopt conclusory rules such as Rule 1000, the purposes of section 2001.033 - to provide a meaningful public participation in the rulemaking procedure, to allow opponents of the rule to formulate specific challenges, and to ensure that the agency carefully considers and analyzes a rule *before adopting it* – will be eviscerated. We conclude therefore

that the rule is invalid." *National Association of Independent Insurers vs. Texas Department of Insurance,* 925 SW. 2nd 667, 670(Tex. 1996). Again, failure to fully follow the public participation requirements was held to be a fatal flaw.

Although the Court was not construing specifically Texas Government Code section 2001.029(b), the situation is analogous. A basic procedural right, granted by the Legislature through the Administrative Procedures Act was ignored, and the Court held that a rule adopted under these conditions was void. "An agency rule not adopted in substantial compliance with the rulemaking provisions of the APA is voidable." Tex. Gov't Code Ann. § 2001.035(a) (West 2000); State Office of Pub. Util. Counsel, 131 S.W.3d at 327. *Gulf Coast Coalition of Cities v. Public Utility Com'n,* 161 S.W.3d 706 (Tex.App.—Austin 2005).

Decisions regarding the necessary application of these procedural safeguards in rulemaking also address the necessity of adhering to the full panoply of safeguards provided. "Section 2001.035 of the APA condemns as invalid an agency rule not adopted in "substantial compliance" with the rulemaking provisions set out in APA sections 2001.021 - .034." *Unified Loans v. Pettijohn,* 955 SW 2nd 649, 650-651(Tex. App. – Austin 1997, rehearing overruled). Those statutory provisions encompass all of the statutes at issue here, from the initiation of a petition for rulemaking, to the holding of a public hearing, to the adoption of a final rule.

In that same case the court went on to hold, in construing the objectives of

the rulemaking requirements, "the second objective is to afford adequate notice - to place the agency's assessment before interested persons in advance in order that (1) interested persons might comment intelligently on the proposed rules and (2) the agency might exercise intelligently its responsibilities in arriving at the contents of the rule as finally adopted, in stating reasons for and against adoption , and in formulating the required contents of the adopting order, including a reasoned justification for the rule. See APA 2001.029 (public comment)."*Id.* at 652. The court here is emphasizing the strong objective of obtaining as much relevant public comment as possible on a proposed rule, and who would have more relevant comment on a proposed rule that the very parties petitioning for it?

Yet in this instance, the Commission deliberately avoided that very input by denying the petition without holding any hearing at all. This does not constitute substantial compliance with the public hearing provisions as this Court has more recently held that "substantial compliance with a statutory requirement contemplates acts that secure the legislative objectives while coming fairly within the character and scope of each action or thing required in concise, specific and unambiguous terms." *Texas Shrimp Association , et al. v. Texas Parks and Wildlife Department.* No. 03-04-00788-CV, (Tex. App. – Austin  2005).

The statute in this instance could not be more concise, specific or unambiguous. If an association with more than 25 members requests a hearing, the hearing shall be granted. To say that this only applies if the Commission ultimately

-18-

adopts the rule is a disingenuous and overly narrow reading of the procedural safeguards for rulemaking built into the APA and the court opinions construing them. *All* of the provisions subject to a section 2001.035 appeal occur *prior* to the adoption of a rule, they are safeguards intended to protect the *process* of rulemaking.

The Commission's reading of this provision, to allow it to avoid any public hearing merely by denying the petition, allows it to vitiate any party's rights to a hearing under this provision by simply failing to complete the adoption of the specific rule for which the hearing was requested. Then, as the Commission did in this instance, it can propose its own rule on the same subject, and avoid a hearing. In this manner, the Commission can avoid ever having to hold a public hearing under section 2001.029(b).

Finally, this Court has reaffirmed the invalidity of rules not adopted in conformity with the APA requirements. "when an agency promulgates a rule without complying with the statutory rulemaking procedures, the rule is invalid." *Combs v. Entertainment Publications, Inc.* 292 S.W.3d 712, 723(Tex. App. – Austin 2009, rehearing overruled). In that case, the rule was remanded "to allow reasonable time for the agency to either revise or readopt the rule through the established procedures." *Id.* at 724. In the instant case, where no rule was adopted, the proper remedy for failing to hold the validly requested public hearing would simply be a remand to the Commission ordering it to hold the requested public

hearing on the rule that was proposed by Appellants.

B. Point of Error No. 2 - To have a right to a public hearing and then raise sovereign immunity as a defense when that hearing is denied is to grant a right without a remedy.

In *State v. Rhine*, 297 S.W.3d 301 (Tex.Crim.App. 2009), the Texas Court of Criminal Appeals explained the purpose of the pre-adoption public hearing as follows:

"In addition, a number of courts have held that procedural safeguards must accompany broad standards to ensure that the agency action conforms to those standards.[73] The required procedural safeguards typically include a pre-adoption public hearing and post-adoption judicial review. [74] Procedural safeguards ensure that the administrative agency really is doing the will of the Legislature: The pre-adoption public hearing ensures that the administrative agency takes the legislative standards into account, engaging in factual determinations that relate to the legislative standards rather than simply dictating policy, and judicial review ensures that the administrative agency's rules and other actions actually conform to the legislative standards.[75] Of course, for safeguards to have meaning, the legislative standards must be sufficiently specific to allow the agency and the courts to determine whether the agency is carrying out the intent of the legislature.[76]" The purpose of the pre-adoption public hearing, then, is to ensure that statutory requirements are being followed, if a hearing request that meets the

-20-

statutory requirements can be ignored, then these built in safeguards have failed to do their job.

Under its interpretation of the law, the Commission can propose its own rule on any subject and then fail to take final action adopting that specific rule should a public hearing be requested. If the Commission's legal interpretation is correct, it can thus, through a procedural shell game, avoid ever having to hold a public hearing requested under Government Code section 2001.029(b). "The first maxim of equity is that it will not suffer a right to be without a remedy. As Lord Holt early said: "If the appellant has a right, he must of necessity have a means to vindicate and maintain it * * *. It is a vain thing to imagine a right without a remedy." *Miers v. Brouse*. 271 S.W.2d 419 (Tex. 1954). The Commission's reading of the law, while plausible in isolation, does not work in actual application, and in fact frustrates the very statutory scheme that was instituted to oversee its rulemaking process. Its reading would simply mean that no public hearing on a rulemaking would ever have to be held at all.

All it, or any other agency has to do, is fail to ultimately adopt a rule in any particular proceeding in which a hearing was requested. Then, if sovereign immunity is successfully asserted as argued by the Commission, and upheld by the District Court, no appeal can proceed, and the right to a rulemaking hearing is effectively gone. Rights without remedies should always be disfavored, particularly when they have bee specifically granted as procedural safeguards.

X. Prayer

WHEREFORE PREMISES CONSIDERED, Appellants request that the granting of the Plea to the Jurisdiction of the Public Utility Commission of Texas be reversed, and this matter be remanded to the Public Utility Commission for conduct of a public hearing in accordance with Appellants request and such other and further relief to which the Appellant may be entitled at law or in equity.

Respectfully submitted,

**Roger B. Borgelt**
**Borgelt Law**

**SBN: 02667960**

614 S. Capital of Texas Hwy.
Austin, TX 78746
O: 512.600.3467
Mobile: 512.870.7533
E: roger@borgeltlaw.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Tex. R. App. P. 9.4(i)(3), I certify that this document complies with the type-volume limitations of Tex. R. App. P. 9.4(i)(2). I certify that this document contains 4739 words.

_____
**Roger B. Borgelt**

## CERTIFICATE OF SERVICE

I certify that on the 22nd day of January, 2015, a true and correct copy of the foregoing instrument was served on all parties below by electronic or regular first class mail.

_____
**Roger B. Borgelt**

Kellie E. Billings-Ray
Assistant Attorney General
kellie.billings-ray@texasattorneygeneral.gov
Environmental Protection Division
Office of the Attorney General
P.O. Box 12548, MC-066
Austin, Texas 78711
**Attorney for Public Utility Commission**

Jason M. Ryan
Assistant General Counsel
CenterPoint Energy Service Company LLC
1111 Louisiana Street
Houston, Texas 77002

Tele: 713.207.7261
Fax: 713.574.2261
jason.ryan@centerpointenergy.com
Dale Wainwright
dale.wainwright@bgllp.com
W. Stephen Benesh
steve.benesh@bgllp.com
Davison W. Grant
davison.grant@bgllp.com
Lindsay Hagans
Lindsay.hagans@bgllp.com
BRACEWELL & GIULIANI LLP
111 Congress Avenue, Suite 2300
Austin, Texas 78707-4061
Tele: (512) 472-7800
Fax: (800) 404-3970
**Attorneys for CenterPoint Energy Houston Electric, LLC**

Jo Ann Biggs
Cortney C. Thomas

VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201-2975
jbiggs@velaw.com
cthomas@velaw.com
Tele: 214-220-7735
Fax: 214-999-7735
**Attorneys for Oncor Electric Delivery Co.**


Patrick R. Cowlishaw
Stephanie C. Sparks

JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
Tele: 214-953-6000

Patrick Pearsall
DUGGINS WREN MANN & ROMERO
P.O. Box 1149
Austin, Texas 78767
ppearsall@dwmrlaw.com
Tele: 512-744-9300
Fax: 512-744-9399

Rhonda Colbert Ryan
American Electric Power Company
400 W. 15th Street, Ste. 1500
Austin, Texas 78701
Tele: 512-481-3321
Fax: 512-481-4587
**Attorneys for AEP Texas Central Company and AEP Texas North Company**

Fax: 214-953-5822

pcowlishaw@jw.com

Scott Seamster

Corporate Counsel

State Bar No. 00784939

Texas-New Mexico Power Company

225 E. John Carpenter Fwy, Suite 1500

Irving, Texas 75062

Tele: 469-484-8577

Fax: 469-484-8033

scott.seamster@pnmresources.com

**Attorneys for Texas-New Mexico Power Company**

**APPENDIX**

**EXHIBIT A – Order Denying Petition For Rulemaking**

**EXHIBIT B - Order granting Defendant's Plea to the Jurisdiction**

**EXHIBIT C – Statutes and rules**

**APPENDIX**

**EXHIBIT A – Order Denying Petition For Rulemaking**

**EXHIBIT B - Order granting Defendant's Plea to the Jurisdiction**

**EXHIBIT C – Statutes and rules**

# EXHIBIT A

| PETITION FOR INITIATION OF | § | PUBLIC UTILITY COMMISSION |
| RULEMAKING PROCEEDINGS | § | |
| REGARDING SMART METERS | § | OF TEXAS |

## ORDER DENYING PETITION FOR RULEMAKING

On May 17, 2012, Devvy Kidd, John Kidd, and 193 other signatories (Petitioners) filed a Petition for Initiation of Rulemaking Proceedings with the Public Utility Commission of Texas (Commission). Petitioners request that the Commission initiate and conduct rulemaking procedures, both emergency and ordinary, relating to the deployment of smart meters by electrical utilities and others as part of their Advanced Metering System (AMS) program.

Petitioners seek an emergency rule that would place a moratorium on continued installation of smart meters until further study and evaluation permits adoption of rules governing smart meters. In addition, Petitioners seek ordinary rulemaking to mandate the permanent prohibition and removal of smart meters and other devices that emit radio frequencies (RF) or electromagnetic fields (EMF). Pleading in the alternative, Petitioners request that the Commission formulate and adopt rules to provide for safe implementation of smart meters, to allow customers to decline participation in the AMS program, and to protect those members of the public at increased risk of injury or death from radiation emitted by neighboring services.

Petitioners further request a public hearing at which Petitioners can present evidence and testimony concerning the effects of the smart meters and the need to ban or closely regulate the use of them.

Additionally, Petitioners include proposed rule language for six rules related to smart meter deployment. The six proposed rules would (1) allow customers to opt-out of receiving smart meters, (2) require certain notices to be posted and disclosures to be made regarding smart meters' effects on health, and (3) limit the number of smart meters installed in a given area so as to reduce RF or EMF congestion.

The petition is subject to TEX. GOV'T CODE §2001.021 and P.U.C. PROC. R. 22.281. The Commission published notice of this petition in the June 1, 2012 issue of the *Texas Register* (37 TexReg 4102) with a comment deadline of June 22, 2012.

One hundred and twenty three comments were filed in this project through June 27, 2012. Most comments were filed in support of the petition. Supporting comments expressed one or more concerns regarding smart meter deployment. The concerns expressed may be organized by subject into eight categories as listed below.

First, commenters expressed concern about potential negative health effects from exposure to RF or EMF radiation emitted by smart meters. Certain commenters claimed that they experienced one or more of the following symptoms as a result of a smart meter: insomnia, fatigue, anxiety, tinnitus, headaches, dizziness, nausea, nose bleeds, seizures, elevated heart rate, heart arrhythmias, inability to focus, drainage from the eyes, tingling in the arms, shoulder pain, neck aches, blurred vision, night sweats, joint pain, and aches in knees, legs, and ankles. Many commenters cited to a World Health Organization report that purportedly states that sustained exposure to RF or EMF radiation may cause headaches, insomnia, fatigue, skin rashes, heart

arrhythmias, immune system defects, memory loss, infertility, and cancer. Finally, commenters claimed that prior health studies conducted on this topic (1) are outdated, (2) do not consider cumulative effects of multiple RF or EMF radiating devices, and (3) do not consider the effects of RF or EMF radiation on young children or people who may have implanted electrical medical devices such as pacemakers and defibrillators.

Second, commenters expressed concern over the privacy of their electric use information. Most commenters were unsure of who would be allowed access to this information. Commenters generally stated that they did not want their information sold to marketing or affiliated companies. Additionally, commenters were concerned that the information would allow the electric utility to know whether a building was occupied as well as what electrical devices were being used within a building.

Third, commenters expressed concern regarding the security of their electric use information. Commenters claimed that their electric use information is at risk of being intercepted by unauthorized third parties who may use the information for unlawful purposes. A frequently mentioned example of an unlawful purpose is a burglar who uses the information to know when a resident is away from a house. Moreover, commenters claimed that the increasing popularity of smart meters will make it easier for foreign organizations to exploit vulnerabilities in the electrical grid and thereby threaten grid reliability.

Fourth, commenters expressed concern over their freedom to use electricity in a manner of their choosing. Certain commenters claimed that an electric utility might remotely change a resident's

thermostat during times of peak demand to reduce the level of air conditioning in the summer or to reduce the heat in the winter. Commenters also claimed that a smart meter may be used by an electric utility in the future to interfere with a customer's ability to use electricity as the customer desires.

Fifth, commenters claimed that the inaccuracy of a newly installed smart meter resulted in a substantial increase in their electric utility bill. Commenters offered their own experience of higher than usual electric billing or cited news reports of specific instances of higher than usual electric bills.

Sixth, commenters stated concern that smart meters may cause damage to their property. Most commenters who expressed this concern claimed that smart meters caused electrical surges that caused appliances to fail. Additionally, commenters cited news reports of house fires that that they claim may have been caused by smart meters.

Seventh, commenters stated concern that smart meters would make it possible for an electric utility to use dynamic time-of-use pricing in the residential market. The commenters believe that such a pricing system would increase the cost of electric service, particularly for customers who are homebound.

Eighth, commenters were concerned that the smart meters' automation of reading and transmitting electric use information would result in a reduction of jobs for meter-reading

employees and would have a negative effect on the meter-reading employees, their families, and the U.S. economy.

Four parties filed comments opposing the petition: AEP Texas Central Company and AEP Texas North Company (together, AEP Texas); CenterPoint Energy Houston Electric, LLC (CenterPoint); Oncor Electric Utility Company, LLC (Oncor); and Texas-New Mexico Power Company (TNMP) (collectively, Electric Utilities).

The Electric Utilities noted that the petition filed in this proceeding is nearly identical to the petition filed in Project No. 40199. The Electric Utilities therefore incorporated by reference or restated their comments filed in Project No. 40199. Additionally, the Electric Utilities stated that the Commission denied the petition filed in Project No. 40199 because the Commission was already considering similar issued in Project No. 40190. The Electric Utilities concluded that the Commission should similarly deny this petition because the Commission previously determined that Project No. 40190 would be a more efficient and effective forum in which to address concerns raised by Petitioners.

In addition to the Electric Utilities' comments summarized above, Oncor discussed each of the six proposed rules contained in the petition. Generally, Oncor argued that the proposed rules are contrary to the Public Utility Regulatory Act and outside of the Commission's authority.

After considering the petition and comments received, the Commission denies the Petition for Initiation of Rulemaking Proceedings, because the Commission has another project to address

Petitioners' concerns about smart meters, Project No. 40190, *PUC Proceeding to Evaluate the Feasibility of Instituting a Smart Meter Opt-Out Program.* In that project, the Commission has received extensive comments that raise concerns like those in the petition in this project. It will be more efficient and effective for the Commission to consider smart meter concerns in one project. As to the request for an emergency rule, the Commission denies that request for the additional reason that no emergency exists as to the issues raised in the petition. Therefore, consistent with Commission practice, the Commission denies the petition in this project, which will allow it to focus its consideration of concerns about smart meters to Project No. 40190.

SIGNED AT AUSTIN, TEXAS on the 13th day of JULY 2012.

PUBLIC UTILITY COMMISSION OF TEXAS

DONNA L. NELSON, CHAIRMAN

KENNETH W. ANDERSON, JR., COMMISSIONER

ROLANDO PABLOS, COMMISSIONER

Q:\CADM\TXR-Rules Management\Rules - petitions\40404\40404FO.docx

000000006

# EXHIBIT B

Amalia Rodriguez-Mendoza
District Clerk, Travis County
Travis County Courthouse Complex
P.O. Box 679003
Austin, Texas 78767



DATE: October 03, 2014


ROGER B. BORGELT
614 S CAPITAL OF TEXAS HIGHWAY
AUSTIN, TEXAS 78746


ORDER GRANTING DEFENDANT'S PLEA TO JURISDICTION

### D-1-GN-12-003059

DEVVY KIDD, JOHN KIDD, M.J. SHADDEN, JOHN COLE, R.M. DAILEY, TRACY
STEPHENS, PATRICK STROYICK, DOROTHY MORROW, CHARLES MORROW, AMY
WILLIAMS, DAVID WILLIAMS, WILLIAMS, DAVID WILLIAMS, THEISS, REBECCA
GUTIERREZ,
VS.
TEXAS PUBLIC UTILITIES COMMISSION


You are hereby notified that the above order has been signed and
entered SEPTEMBER 30, 2014 in the 419TH JUDICIAL DISTRICT COURT of
Travis County Texas in the above numbered and entitled cause.


AMALIA RODRIGUEZ-MENDOZA,
District Clerk


L60 - 000042560                 D-1-GN-12-003059                        KAH

CAUSE NO. D-1-GN-12-003059

Filed in The District
of Travis County, Texas

SEP 3 0 2014

At 7:43 PM.
Amalia Rodriguez-Mendoza, Clerk

| | | |
|---|---|---|
| DEVVY KIDD, et al., | § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § | |
| v. | § | |
| | § | TRAVIS COUNTY, TEXAS |
| TEXAS PUBLIC UTILITY | § | |
| COMMISSION, | § | |
| Defendant. | § | 419TH JUDICIAL DISTRICT |

## ORDER GRANTING DEFENDANT'S PLEA TO THE JURISDICTION

Came on for consideration the Plea to the Jurisdiction of Defendant, the Public Utility Commission of Texas. After considering the same and the relevant pleadings and briefing on file herein, the Court is of the opinion that Defendant's Plea should be granted.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendant's Plea to the Jurisdiction is GRANTED WITH PREJUDICE.

SIGNED on the 30 day of September, 2014.

_____
DARLENE BYRNE
PRESIDING JUDGE

# EXHIBIT C

Texas Government Code Sec. 2001.029. PUBLIC COMMENT. (a) Before adopting a rule, a state agency shall give all interested persons a reasonable opportunity to submit data, views, or arguments, orally or in writing.

(b) A state agency shall grant an opportunity for a public hearing before it adopts a substantive rule if a public hearing is requested by:

(1) at least 25 persons;

(2) a governmental subdivision or agency; or

(3) an association having at least 25 members.

(c) A state agency shall consider fully all written and oral submissions about a proposed rule.

Added by Acts 1993, 73rd Leg., ch. 268, Sec. 1, eff. Sept. 1, 1993.

RULE §22.282          Notice and Public Participation in Rulemaking Procedures

d) Public Hearing. The commission may schedule workshops or public hearings on the proposed rule. An opportunity for public hearing shall be granted if requested by at least 25 persons, by a governmental subdivision or agency, or by an association having at least 25 members. The request for public hearing must be made no later than 30 days after the date the proposed rule is published in the Texas Register, unless the commission establishes a different date for requesting a public hearing.

**Source Note:** The provisions of this §22.282 adopted to be effective November 1, 1993, 18 TexReg 6668; amended to be effective September 8, 1995, 20 TexReg 6627; amended to be effective May 7, 1998, 23 TexReg 4253.