# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00555-CV

**Texas Commission on Environmental Quality, Appellant**

**v.**

**Angela Bonser-Lain; Karin Ascott, as next friend on behalf of T. V. H. and A. V. H., minor children; and Brigid Shea, as next friend on behalf of E. B. U., a minor child, Appellees**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
NO. D-1-GN-11-002194, HONORABLE GISELA D. TRIANA, JUDGE PRESIDING**

## O P I N I O N

This appeal arises from a lawsuit filed by a group of individuals (the Appellees) seeking judicial review of the Texas Commission on Environmental Quality's order denying their petition for rulemaking aimed at regulating greenhouse-gas emissions in Texas. In its final judgment, the district court denied a plea to the jurisdiction filed by the Commission and affirmed the Commission's decision based on one of the legal grounds advanced by the Commission in its administrative order. On appeal, the Commission argues that the district court erred in denying its plea to the jurisdiction. Alternatively, the Commission asserts that the declaratory statements contained in the final judgment, concerning the Commission's alternative grounds for denying the Appellees' petition, should be vacated. Because we conclude the district court lacked subject-matter

jurisdiction over the Appellees' suit, we vacate the district court's judgment and render judgment dismissing the cause for want of subject-matter jurisdiction.

## BACKGROUND

The Appellees filed a petition with the Commission requesting that it adopt rules aimed at limiting greenhouse-gas emissions from fossil fuels in Texas. At a public meeting, the Commission considered and denied the petition. In a subsequent written order, the Commission listed several independent reasons for its decision. In relevant part, the Commission concluded that (1) "Texas is currently in litigation with the U.S. Environmental Protection Agency (EPA) over the issue of regulation of [greenhouse gases] under the Federal Clean Air Act (FCAA)"; (2) "Texas courts have clearly and regularly ruled that where common law duties, such as the public trust doctrine, have been displaced or revised by statutes enacted by legislatures, the statute controls," and "the public trust doctrine in Texas has been limited to waters of the state and does not extend to the regulation of [greenhouse gases] in the atmosphere"; and (3) "the standard [the Appellees] propose for [carbon dioxide] has not been developed through the proper mechanism under a federal statute, in particular [the Federal Clean Air Act] section 109."

Citing section 5.351 of the Texas Water Code, the Appellees filed a petition in district court seeking judicial review of the Commission's decision. *See* Tex. Water Code § 5.351 (allowing judicial review of Commission acts). In response, the Commission filed a plea to the jurisdiction arguing that the suit was barred by sovereign immunity and that section 5.351 does not provide a waiver of sovereign immunity for suits challenging the denial of a petition for rulemaking.

2

The district court held a hearing on both the Commission's plea to the jurisdiction and the merits of the Appellees' suit. The district court denied the Commission's plea to the jurisdiction but upheld the Commission's decision to deny the Appellees' petition for rulemaking. In its final judgment, the district court concluded that "in light of other state and federal litigation, . . . it is a reasonable exercise of [the Commission's] rulemaking discretion not to proceed with the requested petition for rulemaking at this time." However, the district court also made several declarations expressly rejecting the Commission's alternative reasons for denying the Appellees' petition, including the Commission's reasoning concerning the public trust doctrine and preemption under section 109 of the Federal Clean Air Act.

The Commission subsequently filed this appeal raising two issues. First, the Commission argues that the district court erred in denying its plea to the jurisdiction and requests that we reverse the district court's judgment and dismiss the Appellees' suit for want of jurisdiction. According to the Commission, there is no right to judicial review of an order denying an administrative petition for rulemaking and, therefore, the district court's review of the agency's decision is barred by sovereign immunity. Second, the Commission argues in the alternative that the district court's declarations concerning the public trust doctrine and preemption constitute improper advisory opinions and should be vacated by this Court.

## ANALYSIS

Subject-matter jurisdiction is essential to the authority of a court to decide a case. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993). Subject-matter

jurisdiction is never presumed and cannot be waived. *Id.* It may be raised for the first time on appeal by a party or sua sponte by a reviewing court. *Id.* (reviewing, on own motion, whether appellant had standing to bring suit); *see Rusk State Hosp. v. Black*, 392 S.W.3d 88, 95 (Tex. 2012) (holding that appellate court could consider sovereign immunity issue raised for first time in interlocutory appeal); *Jack Jones Hearing Ctrs., Inc. v. State Comm. of Exam'rs in Fitting & Dispensing of Hearing Instruments*, 363 S.W.3d 911, 914 (Tex. App.—Austin 2012, no pet.). Whether a court has subject-matter jurisdiction is a question of law that we review de novo. *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Bexar Metro. Water Dist. v. City of Bulverde*, 156 S.W.3d 79, 85-86 (Tex. App.—Austin 2004, pet. denied).

Subject-matter jurisdiction is implicated in this case in two respects: (1) whether sovereign immunity deprived the district court of subject-matter jurisdiction over the underlying dispute, *see Miranda*, 133 S.W.3d at 226 (sovereign immunity deprives trial court of subject-matter jurisdiction for lawsuits in which State or certain governmental units have been sued); and (2) whether we have jurisdiction over this appeal—specifically, whether the Commission has standing to bring this appeal, given that the judgment it appeals actually affirms the Commission's decision, *see Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 502 (Tex. 2010) (standing is prerequisite to subject-matter jurisdiction and focuses on who may bring lawsuit); *Jack Jones Hearing Ctrs.*, 363 S.W.3d at 914 (appellant must show that its interest has been prejudiced or adversely affected by judgment it seeks to appeal). Because we cannot reach the merits of the Commission's issues on

4

appeal in the absence of appellate jurisdiction, we must first determine if the Commission has standing to appeal.[1]

**Appellate jurisdiction**

"Texas courts have long held that an appealing party may not complain of errors that do not injuriously affect it or that merely affect the rights of others." *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 843 (Tex. 2000). A party has standing to appeal when "its interest has been prejudiced or adversely affected by the trial court's judgment." *Jack Jones Hearing Ctrs.*, 363 S.W.3d at 914 (citing *In re Estate of Denman*, 270 S.W.3d 639, 642 (Tex. App.—San Antonio 2008, pet. denied), and *Gorman v. Gorman*, 966 S.W.2d 858, 864 (Tex. App.—Houston [1st Dist.] 1998, pet. denied)).

---

[1] While subject-matter jurisdiction can be raised at any time, it can be raised only before a court of competent jurisdiction. *See City of Houston v. Estate of Jones* , 388 S.W.3d 663, 667 (Tex. 2012) (per curiam) (refusing to consider untimely filed interlocutory appeal of denial of plea to jurisdiction); *Royal Indep. Sch. Dist. v. Ragsdale*, 273 S.W.3d 759, 766 n.7 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (refusing to consider challenge to trial court's subject-matter jurisdiction raised on appeal where appellant failed to timely file notice of appeal); *see also Siddiqui v. Unlimited Asset Recovery, Inc.*, No. 01-09-00026-CV, 2009 WL 3930748, at *2 (Tex. App.—Houston [1st Dist.] Nov. 19, 2009, no pet.) (mem. op.) ("Without a timely filed notice of appeal, an appellate court has no jurisdiction to consider any complaint, even a complaint that the trial court had no subject matter jurisdiction over the case."). Consequently, it follows that when a live controversy between the parties ceases to exist, we must dismiss the appeal without reviewing any of the trial court's rulings, including any ruling on a challenge to the trial court's jurisdiction. *See Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 865 (Tex. 2010) (noting that subject-matter jurisdiction requires "that the party bringing suit have standing, that there be a live controversy between the parties, and that the case be justiciable."); *see also Klein v. Hernandez*, 315 S.W.3d 1, 4 (Tex. 2010) (explaining that because case was moot due to nonsuit, court of appeals did not err in dismissing appeal of denial of plea to jurisdiction and motion for summary judgment); *University of Tex. Med. Branch at Galveston v. Estate of Blackmon*, 195 S.W.3d 98, 101 (Tex. 2006) (per curiam) (holding that plaintiff's nonsuit of underlying action deprived court of appeals of jurisdiction over governmental entity's appeal of trial court's order denying plea to jurisdiction).

Thus, as a general rule, a party who obtains a favorable judgment in the lower court may not appeal that judgment merely for the purpose of striking findings and conclusions with which it does not agree. *Champlin Exploration, Inc. v. Railroad Comm'n*, 627 S.W.2d 250, 251 (Tex. App.—Austin 1982, writ ref'd n.r.e.); *see In re Poole*, 975 S.W.2d 342, 345 (Tex. App.—Amarillo 1998, no pet.) ("[A] party who has prevailed fully in the lower court is not entitled to appeal from the judgment solely for the purpose of attacking as erroneous the court's conclusions in support of its judgment."). However, an exception to this general rule has long been recognized and applies where the finding or conclusion would operate as res judicata or collateral estoppel in a subsequent proceeding. *Champlin Exploration*, 627 S.W.2d at 251.

In this case, the Commission is appealing a judgment affirming its decision to deny the Appellees' petition for rulemaking, and thus, the judgment on its face appears favorable to the Commission. However, the district court reviewed the Commission's decision only after concluding that it had jurisdiction to do so. In rejecting the Commission's plea to the jurisdiction, the district court necessarily concluded that section 5.351 of the Texas Water Code operated as a waiver of sovereign immunity. Under the doctrine of collateral estoppel, the Commission may potentially be precluded from relitigating this jurisdictional issue in subsequent proceedings.[2] *See* Restatement (Second) of Judgments § 27 (1982); *see also Nguyen v. Desai*, 132 S.W.3d 115,

---

[2] Collateral estoppel, or issue preclusion, bars the religitation of identical issues of fact or law decided in a prior suit. *Texas Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 579 (Tex. 2001). A party seeking to assert the bar of collateral estoppel must establish that (1) the issue of fact or law sought to be litigated in the second action was fully and fairly litigated in the first action, (2) those issues were essential to the judgment in the first action, and (3) the party against whom the doctrine is asserted was a party or was in privity with a party in the first action. *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 801-02 (Tex. 1994).

6

118 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (collateral estoppel bars relitigation of personal-jurisdiction issues decided in first action). Consequently, the Commission has sufficiently demonstrated that its "interest has been prejudiced or adversely affected" by the district court's judgment with respect to the district court's denial of its plea to the jurisdiction. *See Jack Jones Hearing Ctrs.*, 363 S.W.3d at 912. Thus, we may review the district court's denial of the Commission's plea to the jurisdiction notwithstanding the judgment in the Commission's favor.

**The trial court's jurisdiction**

When, as here, a party challenges a trial court's subject-matter jurisdiction by asserting a plea to the jurisdiction, we review the trial court's ruling de novo. *See Miranda*, 133 S.W.3d at 225-26. To determine whether a plaintiff has affirmatively demonstrated the trial court's subject-matter jurisdiction to hear a case, we consider the facts alleged in the petition along with any evidence submitted by the parties, to the extent such evidence is relevant to the jurisdictional issue. *See id*. at 227; *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2001). We construe the pleadings in the plaintiff's favor, taking all factual assertions as true and looking to the plaintiff's intent. *Miranda*, 133 S.W.3d at 226-27. If the pleadings do not allege facts sufficient to affirmatively demonstrate jurisdiction, but do not affirmatively negate jurisdiction, the issue is one of pleading sufficiency, and the plaintiff should be afforded an opportunity to amend. *Id*. On the other hand, if the pleadings affirmatively negate jurisdiction, then the plea to the jurisdiction should be granted. *Id*.

Under the common-law doctrine of sovereign immunity, the State and its agencies cannot be sued, absent an express waiver. *Id*. at 224. Texas courts defer to the legislature to waive

7

immunity from suit because this allows the legislature to protect its policymaking function. *Texas Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 854 (Tex. 2002). Any waiver of immunity must be expressed by clear and unambiguous language. Tex. Gov't Code § 311.034. Sovereign immunity deprives a trial court of subject-matter jurisdiction and is properly asserted in a plea to the jurisdiction. *Miranda*, 133 S.W.3d at 225-27.

Because there is no dispute that suits against the Commission are generally barred by sovereign immunity, the pivotal issue regarding the trial court's jurisdiction is whether the legislature has waived that immunity, either by statute or by legislative resolution. The Commission argues that the district court erred in denying its plea to the jurisdiction because neither the Texas Administrative Procedure Act (APA) nor section 5.351 of the Texas Water Code, the only basis asserted by the Appellees, allows for judicial review of a denial of a petition for rulemaking.

The Appellees filed their petition for rulemaking pursuant to section 2001.021 of the APA. Tex. Gov't Code § 2001.021. The APA, in part, sets forth the procedures by which Texas agencies may promulgate rules, if the agency has been delegated such authority by the legislature. *Id.* §§ 2001.021-.041. Section 2001.021 authorizes "an interested person" to petition an agency to adopt a rule. *Id.* § 2001.021(a). The agency is required to prescribe by rule the form for such petitions and the procedural rules for its submission, consideration, and disposition. *Id.* § 2001.021(b). Upon the submission of a petition for rulemaking, the agency must either deny the petition or initiate rulemaking within sixty days. *Id.* § 2001.021(c). Here, it is undisputed that the Appellees filed a petition for rulemaking with the Commission, and the Commission timely denied the petition.

8

With this procedural background in mind, we consider whether the APA allows for judicial review of the Commission's denial of the Appellees' petition. Section 2001.171 of the APA provides an independent right to judicial review of certain agency decisions. *Id.* § 2001.171; *Texas Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 173 (Tex. 2004). Specifically, section 2001.171 states that "a person who has exhausted all administrative remedies available within a state agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter." Tex. Gov't Code § 2001.171. Further, section 2001.038 provides that, under certain circumstances, a suit for declaratory relief may be brought to determine the validity or applicability of a rule. *Id.* § 2001.038. However, the APA is silent with respect to whether a person may appeal or otherwise challenge an agency's decision to deny a petition for rulemaking.

A person may obtain judicial review of an administrative action only if a statute provides that right, or the action adversely affects a vested property right or otherwise violates a constitutional right. *Mega Child Care*, 145 S.W.3d at 173. The legislature must provide a right to judicial review through "clear and unambiguous language." *See id.* at 197 (noting that judicial-review provisions waive sovereign immunity and concluding that section 2001.171 provides limited waiver of sovereign immunity); *see also IT-Davy*, 74 S.W.3d at 853-54 (legislative waiver of immunity "must be expressed in clear and unambiguous language") (citing Tex. Gov't Code § 311.034). Though the legislature has expressly demonstrated its intent to allow judicial review of certain types of agency decisions under the APA, it has not done so with respect to agency decisions on petitions for rulemaking. Based on this deliberate silence, we conclude that the APA does not provide a right

9

to judicial review of an agency's refusal to adopt rules. *See Houston Mun. Emps. Pension Sys. v. Ferrell*, 248 S.W.3d 151, 158 (Tex. 2007) ("There is no right to judicial review of an administrative order unless a statute explicitly provides that right or the order violates a constitutional right."); *see also* 1 Ronald L. Beal, Texas Administrative Practice & Procedure § 3.1 (2009) (concluding that silence "clearly implied the legislature intended to preclude judicial review of the refusal to adopt the rule").

The Appellees argue that, separate and apart from the APA, the legislature has authorized judicial review of a denial of a petition for rulemaking under section 5.351 of the Water Code. Section 5.351(a) provides that "[a] person affected by a ruling, order, decision, or other act of the commission may file a petition to review, set aside, modify, or suspend the act of the commission." Tex. Water Code § 5.351.

As Texas courts have repeatedly held, section 5.351 of the Water Code must be construed in the context of longstanding jurisdictional limitations on judicial review of agency orders. For example, this Court has recognized that judicial review under section 5.351 is limited to the review of "final agency orders." *See City of Austin v. Texas Comm'n on Envtl. Quality*, 303 S.W.3d 379, 385 (Tex. App.—Austin 2009, no pet.) (agency letter was not subject to judicial review under section 5.351); *see also Texas Comm'n on Envtl. Quality v. Sierra Club*, No. 03-12-00625-CV, 2014 Tex. App. LEXIS 2648, at *7 (Tex. App.—Austin Mar. 7, 2014, pet. filed) (mem. op.) (Commission's denial of "motion to overturn" was not subject to judicial review under section 5.351). Similarly, the Texas Supreme Court has held that section 5.351's waiver of immunity is limited to administrative actions that are regulatory in nature and only upon the

exhaustion of all administrative remedies. *See IT-Davy*, 74 S.W.3d at 859 (section 5.351 does not waive immunity for breach-of-contract claims); *In re Texas Water Comm'n*, 849 S.W.2d 808, 809-10 (Tex. 1993) (section 5.351 authorizes judicial review only upon exhaustion of administrative remedies, as codified in APA).

Further, in *Hooks v. Texas Department of Water Resources*, the supreme court interpreted the term "affected person" under section 5.351 and determined that it requires that a person show a "justiciable interest." 611 S.W.2d 417, 419 (Tex. 1981). The supreme court reached this conclusion by considering the term "aggrieved" under the APA's predecessor statute and noting that the judicial-review provisions of the Water Code "should be read in conjunction and harmony with" the judicial-review provisions of the APA. *Id.*; *see also Southwestern Bell Tel. Co. v. Public Util. Comm'n*, 735 S.W.2d 663, 671 (Tex. App.—Austin 1987, no writ) (concluding that similar provision under Public Utility Regulatory Act was "in all likelihood" intended to be "coextensive with the [APA]").

In this case, the Appellees' right to petition the Commission to adopt rules concerning greenhouse-gas emissions is derived from section 2001.021 of the APA. *See* Tex. Gov't Code § 2001.021. Consequently, as the supreme court did in *Hooks*, we consider the scope of judicial review under section 5.351 of the Water Code "in conjunction and harmony with" the judicial-review provisions of the APA. Given the clear absence of a right to judicial review under the APA, we conclude that section 5.351 of the Water Code does not provide a right to judicial review of a petition for rulemaking. *See Hooks*, 611 S.W.2d at 419. Indeed, no Texas court has ever held that an agency's refusal to promulgate rules is reviewable by courts, whether via section 5.351 or

11

otherwise. Absent a "clear and unambiguous" expression of such intent by the legislature, we will not be the first. *See* Tex. Gov't Code § 311.034. Accordingly, the Appellees failed to demonstrate the district court's jurisdiction over their suit.

## CONCLUSION

Because the district court erred in denying the Commission's plea to the jurisdiction, we vacate the district court's judgment and render judgment dismissing the cause for want of subject-matter jurisdiction.

_____

Scott K. Field, Justice

Before Chief Justice Jones, Justices Pemberton and Field

Vacated and Rendered

Filed:  July 23, 2014