ACCEPTED
03-14-00661-CV
4504897
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/16/2015 9:48:17 AM
JEFFREY D. KYLE
CLERK

No. 03-14-00661-CV

# IN THE COURT OF APPEALS
## THIRD JUDICIAL DISTRICT
### AT AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
3/16/2015 9:48:17 AM
JEFFREY D. KYLE
Clerk

DEVVY KIDD, ET AL,
*Appellants,*

v.

PUBLIC UTILITY COMMISSION OF TEXAS,
*Appellee.*

On Appeal from the 419th District Court
of Travis County, Texas

**REPLY BRIEF OF APPELLANTS DEVVY KIDD, ET. AL.**

ROGER B. BORGELT
State Bar No. 02667960
Borgelt Law
614 S. Capital of Texas Hwy.
Austin, Texas 78746
(512) 600-3467 (Tel.)
roger@borgeltlaw.com

COUNSEL OF RECORD

ORAL ARGUMENT REQUESTED

Cause No. 03-14-00661-CV

| | |
|---|---|
| Devvy Kidd, John Kidd, M.J. Shadden, | ) |
| John Cole, R.M.Dailey, Tracy Stephens, | ) |
| Patricia Stroyick, Dorothy Morrow, | ) |
| Charles Morrow, Amy Williams, | ) |
| David Williams, Norman Kuehn, | ) |
| Elizabeth Theiss, Rebecca Gutierrez, | ) |
| Marie Nugent, Steve G. Crutchfield, | ) |
| Linda A. Crutchfield, Kendall C. Palmer, | ) |
| MA Kirk, Kaydene Jordan, Bobby Jordan, | ) |
| Tom Brazen, David J. Allen,Patt Allen, | ) |
| David Scot Houlette,Denis Lullenkamp, | )    IN THE COURT OF |
| Kathy Lullenkamp, China Lanier | ) |
| Donna Lee Wilson, Julia Nathan, M.D., | )    APPEALS, THIRD |
| Giselle Ellis, Gerald Sawyer, | ) |
| Beverely Hickman, Thomas Hickman, | )    DISTRICT OF TEXAS |
| Cindy Carriger, Deborah Wiseman, | ) |
| Newly Sage, Russell Sage, Beth Biesel, | ) |
| Lacy Crary, Dardine Roedel, | ) |
| Harold Boenig, Joyce Kelley, | ) |
| Brenda Denholm, Michael Denholm, | ) |
| Mark Atkins, Robert Paul, | ) |
| Thelma Taormina, Nick Taormina, | ) |
| Sherman Rogers, Judy Chambers, | ) |
| Wayne Chambers, Jeffrey Emrich, | ) |
| Jill Freidman, Dolores Bolock, | ) |
| Bruce Bolock, Jackqulyn Bodenstedt, | ) |
| Twyla Parsons, Amanda M. Voelkel, | ) |
| Michelle T. Voelkel, Nell Reynolds, | ) |
| Stanley Reynolds, Katrina Evenhouse, | ) |
| Randall Evenhouse, Patricia Ignazio, | ) |
| Joseph Ignazio, Gina Gentile, | ) |
| James Gentile, John Tyson, | ) |
| Steve Gagnon, Thomas Bailey, | ) |
| Alfreda Ballard, James Benge, | ) |
| Linda Rund, Frank Harriss, | ) |
| Sam Harris, Lysbeth Warneke, | ) |
| Ralph Shawver, Shelley McCoy, | ) |
| Brian Dansby, Mo Bond, David Bond, | ) |

John Buffa, Melissa Gochnour, )
Jeffrey Gochnour, Amy Watkins, )
Donald Anderson, Carol Dean, )
Michelle Guy, Terry Guy, )
Evelyn Montalvo, Abel Montalvo, )
Gay Armstrong, Dave Armstrong, )
Diane Wilson, John Wilson, )
Beatrice Worley, Lawrence Worley, )
Eva Finegan, Patti Glass, Ken Glass, )
Dagne Florine, Ph.D., Cynthia Wilkes, )
Michael Wilkes, Lolly Nayola, )
John Tweedell, Carolynne Tweedel, )
Marita Segal, Howard Segal, Rita Trauth, )
Dr. Christopher Trauth, Toni White, )
Janice Pearson, Ricky Pearson, )
JoAnn Louise Zant, Nathan Lloyd Zant, )
Hoi Heldt, Rochelle Wilkes, Corey Wilkes, )
Daryl Hampton, Kathleen Grimes, )
Brian Grimes, Cindy Schafer, )
Mary Stayton, Ellen Mickle, Ingrid Stassi, )
Joe Stassi, Gaye Haehnel, Billy Haehnel, )
Erin Konkel, Nancy Lochridge, )
Byron Lockridge, Gemi Powell, )
Gregory Johnson )
)
     Appellants, )
)
       v. )
)
Public Utility Commission of Texas, )
)
     Appellee. )
)


## APPELLANTS' REPLY BRIEF

2

I. Table of Contents

TABLE OF CONTENTS.................................................................................3

INDEX OF AUTHORITIES ..........................................................................4

SUMMARY OF THE ARGUMENT ..............................................................5

ARGUMENT ...............................................................................................5

An appeal of the denial of a public hearing is not, and should not be, the same in legal effect as an appeal of the denial of a petition for rulemaking.

PRAYER........................................................................................... 10

CERTIFICATE OF SERVICE................................................................ 11

II. Index of Authorities

Cases

*McMaster v. Pub. Util.Comm'n*, No. 03-11-00571-CV, 2012 WL 3793257 (Tex. App.—Austin Aug.31, 2012, no pet.)..............................................6

*Tex. Comm'n on Envtl. Quality v. Bonser-Lain*, 438 S.W.3d 887 (Tex.App.-Austin 2014) ..............................................................5,8,9

Statutes

Texas Government Code §2001.021...............................................8

Texas Government Code §2001.0225..............................................8

Texas Government Code §2001.029............................................7,8,10

Texas Government Code §2001.034................................................8

Texas Government Code 2001.035...............................................8,9

### III. Summary of the Argument

As stated in Appellants' Initial Brief, sovereign immunity is specifically waived in the instant case only with respect to Appellants right to a public hearing. Appellees contend, primarily based on the case law cited in *Tex. Comm'n on Envtl. Quality v. Bonser-Lain*, 438 S.W.3d 887 (Tex.App.-Austin 2014), the fact that there is no right to appeal the denial of a petition for rulemaking automatically means that there is also no right to appeal the denial of a request for a public hearing on a publicly initiated rulemaking. This reading of the law would, as previously stated, provide a right with no remedy, a situation which is so inequitable that it could not have been intended, and so must be remedied, as a matter of both statutory construction and public policy.

### IV. Argument

Appellants give scant real analysis to the practical effect of their argument regarding the effect of the *Bonser–Lain* case. That case dealt *only* with the right to appeal the final result of an agency rulemaking process, and this court held that once that process had been finished, there was no right to appeal the final result. But that is not our case here. Appellant's both petitioned for a rulemaking *and* requested a public hearing on that proposed rulemaking. That hearing request was summarily denied along with denial of the rulemaking petition. This denied Appellant's the right and ability to fully explain and argue for their proposed rulemaking.

Appellees argue "[b]ecause the Administrative Procedure Act—as *Bonser-Lain* makes clear—does not provide for judicial review of the denial of a rulemaking petition, *it cannot be reasonably read* to allow for judicial review of interim decisions within a petition for rulemaking proceeding." Appellee Commission's Brief at 16. (*emph. supp*). Yet Appellants actually seek redress for the procedural violations which occurred during the rulemaking process, and are not appealing the final result of that process. Thus, it is not an interim decision, but rather the denial of both a statutory and procedural right that is being appealed.

Likewise, the *McMaster* case cited by the Commission also does not apply here because there is no interim order being appealed. *McMaster v. Pub. Util.Comm'n*, No. 03-11-00571-CV, 2012 WL 3793257, at *4 (Tex. App.—Austin Aug.31, 2012, no pet.) (mem. op.) *Id*. at 16. Appellants learned of the denial of their public hearing request at the same time as the denial of their rulemaking petition, in the same Commission final, not interim, order. This does not mean, as Appellees seem too suggest, that the denial of the petition and the denial of the hearing request are the same thing, or that those two actions must necessarily be identical in legal effect.

The statutory provisions under review do not allow the Commission to completely ignore the requirement to hold a public hearing on a publicly initiated

rulemaking, as there are no exceptions to 2001.029 once a valid request is made, yet the Commission has done just that. Specifically, it stated, "after considering the petition and documents received, the Commission denies the Petition for Initiation of Rulemaking Proceedings, because the Commission has another project to address Petitioners' concerns about smart meters…" (Order at 5-6). Appellants' completely valid request for a public hearing on their own proposed rule was completely ignored.

Appellees also seem to suggest that a rulemaking is initiated only if the agency decides that it has been, and this rules out the possibility of the adoption of a rule initiated by a public petition for rulemaking. While that process is probably less common than an agency initiated rulemaking, it is nevertheless explicitly provided for by statute, in Texas Government Code §2001.029. In spite of this, Appellee Commission argues "Further, the plain language of the statute itself shows that the requirement to have a hearing only attaches once a rulemaking is initiated. If no rulemaking is initiated, no hearing is required, regardless of the number of people who request it." Appellee Commission's Brief at 17.

But Appellants had already initiated the rulemaking proceeding, and therefore had a right to a public hearing on their petition for rulemaking, as provided by Texas Government Code §2001.029. The Government Code, as

-7-

conceded by Appellee Commission, provides for a right of appeal if these procedures are not strictly followed. The Commission readily concedes this point. "Section 2001.035 provides that an adopted rule is voidable unless it is adopted "in substantial compliance with Sections 2001.0225 and 2001.034." Tex. Gov't Code § 2001.035(a). Non-compliance with the procedural requirements of Section 2001.029 can be a basis for judicially invalidating an adopted rule." Appellee Commission Brief at 17. Appellants' suit was actually brought on the basis of Texas Government Code Sections 2001.029 and 2001.035.

Texas Government Code Section 2001.021, incorrectly cited by the Commission in its brief as the basis for our request for review, refers to the rulemaking petition itself, not the hearing request in section 2001.029, which falls squarely within the parameters of the statutory requirements for substantial compliance in a rulemaking proceeding. Appellee Commission Brief at 18.

Both Appellee briefs rely heavily upon the analysis in *Bonser-Lain*, in which this Court held that "[t]hough the legislature has expressly demonstrated its intent to allow judicial review of certain types of agency decisions under the APA, it has not done so with respect to agency decisions on petitions for rulemaking. Based on this deliberate silence, we conclude that the APA does not provide a right to judicial review of an agency's refusal to adopt rules." *Bonser-Lain* at 894. This

analysis misses the primary point of Appellants' argument, which was clearly *not* an appeal of the denial of its petition, but rather an appeal of the denial of its procedural right to a hearing on it's own initiation of a rulemaking proceeding. The *Bonser-Lain* case only applies to the ability of parties to appeal the *denial of petitions for rulemaking,* not to appeal the denial of a specific request for a public hearing on a petition for rulemaking.

Appellee Intervenors also seem to suggest that because the basis for denying the hearing, as stated by the Commission, was that it "has another project" in which it preferred to address these issues, and because some Appellants participated in that proceeding, they somehow waived their right to have a hearing on their self-initiated rulemaking. It is an obvious conclusion that, under the circumstances, the Commission initiated proceeding was the only avenue open to them to continue to participate at all, given the denial of their request for a hearing. Appellee Intervenors, in five pages of briefing regarding Appellants participation in various alternative proceedings, cite no case or statute as to why or how this participation was a waiver of their right to a hearing on their own self initiated rulemaking petition. Appellee Intervenors Brief at 10-14.

As stated in Appellants Initial Brief, *all* of the provisions subject to a Texas Government Code section 2001.035 appeal occur *prior* to the adoption of a rule, they are safeguards intended to protect the *process* of rulemaking. This

appeal is not an attack on the sovereign immunity of the Commission to deny a rulemaking petition, which we concede has not been waived, but rather on its denial of the legal process required in considering such a petition. To allow the Commission to avoid any public hearing merely by ultimately denying the petition, allows it to vitiate any party's rights to a hearing under this provision by simply failing to complete the adoption of the specific petitioned for rule for which the hearing was requested. As we have said, in this way, it will never have to hold a public hearing under Texas Government Code section 2001.029(b).

### V. Prayer

WHEREFORE PREMISES CONSIDERED, Appellants request that the granting of the Plea to the Jurisdiction of the Public Utility Commission of Texas be reversed, and this matter be remanded to the Public Utility Commission for conduct of a public hearing on the proposed rulemaking in accordance with Appellants request and such other and further relief to which the Appellant may be entitled at law or in equity.

Respectfully submitted,

**Roger B. Borgelt**
**Borgelt Law**

SBN: 02667960

614 S. Capital of Texas Hwy.
Austin, TX 78746
O: 512.600.3467
Mobile: 512.870.7533
E: roger@borgeltlaw.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Tex. R. App. P. 9.4(i)(3), I certify that this document complies with the type-volume limitations of Tex. R. App. P. 9.4(i)(2). I certify that this document contains 2229 words.

**Roger B. Borgelt**

## CERTIFICATE OF SERVICE

I certify that on the 16th day of March, 2015, a true and correct copy of the foregoing instrument was served on all parties below by electronic or regular first class mail.

**Roger B. Borgelt**

Kellie E. Billings-Ray
Assistant Attorney General
kellie.billings-ray@texasattorneygeneral.gov
Environmental Protection Division
Office of the Attorney General

P.O. Box 12548, MC-066
Austin, Texas 78711
         **Attorney for Public Utility Commission**

Jason M. Ryan
Assistant General Counsel
CenterPoint Energy Service Company LLC
1111 Louisiana Street
Houston, Texas 77002
Tele: 713.207.7261
Fax: 713.574.2261
jason.ryan@centerpointenergy.com
Dale Wainwright
dale.wainwright@bgllp.com
W. Stephen Benesh
steve.benesh@bgllp.com
Davison W. Grant
davison.grant@bgllp.com
Lindsay Hagans
Lindsay.hagans@bgllp.com
BRACEWELL & GIULIANI LLP
111 Congress Avenue, Suite 2300
Austin, Texas 78707-4061
Tele: (512) 472-7800
Fax: (800) 404-3970
**Attorneys for CenterPoint Energy Houston Electric, LLC**

Jo Ann Biggs
Cortney C. Thomas

VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201-2975
jbiggs@velaw.com
cthomas@velaw.com
Tele: 214-220-7735
Fax: 214-999-7735
**Attorneys for Oncor Electric Delivery Co.**

Patrick Pearsall
DUGGINS WREN MANN & ROMERO
P.O. Box 1149
Austin, Texas 78767
ppearsall@dwmrlaw.com
Tele: 512-744-9300
Fax: 512-744-9399

Rhonda Colbert Ryan
American Electric Power Company
400 W. 15th Street, Ste. 1500

Patrick R. Cowlishaw
Stephanie C. Sparks

JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
Tele: 214-953-6000
Fax: 214-953-5822
pcowlishaw@jw.com
Scott Seamster
Corporate Counsel
State Bar No. 00784939
Texas-New Mexico Power Company
225 E. John Carpenter Fwy, Suite 1500
Irving, Texas 75062
Tele: 469-484-8577
Fax: 469-484-8033
scott.seamster@pnmresources.com
**Attorneys for Texas-New Mexico Power Company**

Austin, Texas 78701
Tele: 512-481-3321
Fax: 512-481-4587
**Attorneys for AEP Texas Central
Company and AEP Texas North
Company**

-13-