

# Fourth Court of Appeals
## San Antonio, Texas

February 27, 2020

No. 04-19-00818-CV

**IN THE INTEREST OF K.R.C., A CHILD**

From the 2nd 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 18-1390-CV-A
Honorable Dulce Madrigal, Judge Presiding

# O R D E R

On November 18, 2019, appellant Jonathan Cooper filed a restricted appeal seeking to appeal "judgments entered by the Honorable Judge in Trial Cause No. 18-1390-cv-A." The clerk's record includes three orders:

(1) an Order in Suit Affecting the Parent-Child Relationship, signed on June 3, 2019, naming Kelly Susekov Sole Managing Conservator of K.R.C., naming Kasey E. Schuch Possessory Conservator of K.R.C., and ordering Schuch to pay monthly child support and monthly cash medical support for K.R.C.;

(2) an Order Clarifying Child Support Obligation, signed on July 23, 2019, ordering Schuch to pay $3,056.25 in child support arrears and $1,150.45 in medical support arrears; and

(3) a Qualified Domestic Relations Order, signed on July 23, 2019, ordering that Schuch's monthly child support and monthly cash medical support be paid from the monthly annuity payment she receives.

In addition, the supplemental clerk's record includes a Notice of Nonsuit of Party filed by Kelly Susekov. In that notice, Susekov stated she no longer desired to prosecute suit against Cooper. On March 18, 2019, the trial court dismissed Susekov's case against appellant without prejudice.

Standing is a component of subject-matter jurisdiction, and an appellant must have standing to appeal a lower-court judgment. *State v. Naylor*, 466 S.W.3d 783, 787 (Tex. 2015). "A party has standing to appeal when its interest has been prejudiced or adversely affected by the trial court's judgment." *Texas Comm'n on Envtl. Quality v. Bonser-Lain*, 438 S.W.3d 887, 892 (Tex. App.—Austin 2014, no pet.). Here, it does not appear that any of the orders entered in this

case adversely affect appellant. Additionally, the trial court dismissed the case Susekov filed against appellant.

We therefore **ORDER** appellant to file **by March 30, 2020**, a response showing cause why this appeal should not be dismissed for lack of jurisdiction for lack of standing. If appellant fails to satisfactorily respond within the time provided, the appeal will be dismissed. *See* Tex. R. App. P. 42.3(a), (c). If a supplemental clerk's record is required, appellant must ask the trial court clerk to prepare one and must notify the clerk of this court that such a request was made. All deadlines in this matter are suspended until further order of the court.

_____
Beth Watkins, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 27th day of February, 2020.

_____
Michael A. Cruz,
Clerk of Court