# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-18-00740-CV

---

**Appellant, Gerard Matzen//Cross-Appellants, Marsha McLane, in Her Official Capacity as Director of Texas Civil Commitment Office, and The Texas Civil Commitment Office**

**v.**

**Appellees, Marsha McLane, in Her Official Capacity as Director of Texas Civil Commitment Office, and The Texas Civil Commitment Office// Cross-Appellee, Gerard Matzen**

---

### FROM THE 261ST DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-17-004319, THE HONORABLE JAN SOIFER, JUDGE PRESIDING

---

### CONCURRING AND DISSENTING OPINION

I concur with the Court to the extent that it affirms the dismissal of Gerard Matzen's claims against appellees for lack of subject matter jurisdiction and concur in that portion of the judgment. I respectfully dissent, however, to the Court's holding that the trial court has jurisdiction over Matzen's procedural due process and takings claims against appellees. Because Matzen's factual allegations in his pleadings fail to show that sovereign immunity has been waived or that it does not apply to his claims, I would dismiss all of Matzen's claims.

To invoke the trial court's jurisdiction, it was Matzen's burden to allege facts that affirmatively demonstrate that sovereign immunity from suit has been waived or does not apply. *See Hall v. McRaven*, 508 S.W.3d 232, 238 (Tex. 2017) (discussing sovereign immunity and

"ultra vires" exception); *Klumb v. Houston Mun. Emps. Pension Sys.*, 458 S.W.3d 1, 13 (Tex. 2015) (explaining that sovereign immunity does not bar suit to vindicate constitutional rights but that immunity from suit is not waived if constitutional claims are facially invalid); *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009) (explaining that ultra vires action requires plaintiff to "allege, and ultimately prove, that the official acted without legal authority or failed to perform a purely ministerial act"); *Texas Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004) (describing plaintiff's burden to allege facts to demonstrate that jurisdiction exists).

To the extent that Matzen's procedural due process and takings claims against appellees are based on the same alleged conduct underlying his APA and ultra vires claims—the alleged "failure to enact rules" and "enforcement of rules (related to Plaintiff's income, purported obligation to pay for housing, treatment and GPS monitoring, and finances) not enacted in conformity" with relevant statutes—I conclude that his pleaded factual allegations do not invoke the trial court's jurisdiction over those claims. *See Heinrich*, 284 S.W.3d at 372; *Pharmserv, Inc. v. Texas Health & Human Servs. Comm'n*, No. 03-13-00526-CV, 2015 WL 1612006, at *7 (Tex. App.—Austin Apr. 9, 2015, no pet.) (mem. op.) (explaining that "APA does not authorize judicial review of an agency's decision not to promulgate a rule" (citing *Texas Comm'n on Envtl. Quality v. Bonser-Lain*, 438 S.W.3d 887, 895 (Tex. App.— Austin 2014, no pet.))); *see also* Tex. Gov't Code § 2001.038 (providing limited waiver of sovereign immunity to challenge validity or applicability of rule).

In his third amended petition, Matzen asserts additional conduct by Correct Care, a party in the trial court proceeding but not to this appeal, to allege procedural due process and takings claims. Matzen alleges: "Correct Care unconstitutionally misappropriates Plaintiff's Work Program Pay without affording Plaintiff procedural due process and/or due course of law

pursuant to both United States and Texas Constitutions" and "Correct Care also violates Tex. Const. Art. I, § 19 by unconstitutionally taking Plaintiff's property without due process." The Court concludes that these allegations against Correct Care also are being alleged against appellees. As to his takings claim, the Court then concludes that the record contains a "factual deficiency" and that, "[w]ithout that information, a conclusion that Matzen's pleadings could never allege a viable takings claim is premature." In reaching these conclusions, the Court explains that the "development of a proper factual record" is required to determine "whether Appellees' costs for Matzen's housing, monitoring, and treatment are so great, and Matzen's monthly contribution so small, that there is no net pecuniary loss and no compensation due."

I respectfully disagree with the Court's analysis. Even if Matzen's procedural due process and takings claims against Correct Care are asserted against appellees, the essence of Matzen's claims concerning his work program pay or property is that he should not have to pay *any* amount toward the costs of the housing, treatment, or tracking services provided to him. The Court rejects Matzen's challenge to the applicable rules' validity, and he has not alleged that the amount that he has paid or is responsible to pay exceeds the actual costs of the housing, treatment, and tracking services provided to him. *See* Tex. Health & Safety Code § 841.084; 37 Tex. Admin. Code §§ 810.122(5) (Texas Civil Commitment Office, Definitions) (defining "income"), .273 (Cost of Housing, Treatment, and Tracking Services) (stating that civilly committed person who is not indigent is responsible for costs of housing, treatment, and tracking services). The rules themselves require the Texas Civil Commitment Office to "create and administer a policy regarding cost recovery" that "set[s] forth the method of payment" and prohibit appellees from recovering more than the actual cost of the services. *See* 37 Tex. Admin Code § 810.273 (requiring creation of policy regarding cost recovery and prohibiting recovery

3

that exceeds "the actual cost of the services"). Further, the evidence before the trial court included: (i) a cost recovery worksheet from May 2018 showing calculations in conformity with the regulations, and (ii) Matzen's order of civil commitment in conformity with the amended civil commitment scheme that included the mandatory requirement to defray costs of housing and treatment. *See Miranda*, 133 S.W.3d at 227–28 (describing analysis when evidence is submitted that implicates merits of case); *see also Andrade v. NAACP of Austin*, 345 S.W.3d 1, 11 (Tex. 2011) (considering substance of constitutional claim in reviewing plea to jurisdiction and noting that immunity is retained unless viable claim pleaded).

Matzen already has had the opportunity to amend his petition multiple times after appellees filed their plea to the jurisdiction. *See Harris County v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004) ("If a plaintiff has been provided a reasonable opportunity to amend after a governmental entity files its plea to the jurisdiction, and the plaintiff's amended pleading still does not allege facts that would constitute a waiver of immunity, then the trial court should dismiss the plaintiff's action."); *Miranda*, 133 S.W.3d at 226 (placing burden on plaintiff to allege facts to demonstrate that jurisdiction exists). Despite having this opportunity, Matzen has not asserted facts in his petition, provided evidence, or made a suggestion to this Court that would cure the jurisdictional defects in his pleadings. *See Sykes*, 136 S.W.3d at 639; *Spence v. State*, No. 03-17-00685-CV, 2019 Tex. App. LEXIS 3359, at *24–25 (Tex. App.—Austin Apr. 26, 2019, pet. denied) (mem. op.) (concluding that dismissal with prejudice was proper where appellants filed amended petition "but they [had] not alleged facts that would constitute a waiver of sovereign immunity or made a suggestion that would cure the jurisdictional defect in their pleadings").

4

Based on Matzen's pleadings and the evidence before the trial court, I conclude that Matzen has failed to plead a viable procedural due process or takings claim to invoke the trial court's jurisdiction. *See Klumb,* 458 S.W.3d at 13; *Miranda*, 133 S.W.3d at 226. Therefore, I would dismiss all of his claims for lack of subject matter jurisdiction.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Triana

Filed: March 6, 2020