

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00818-CV

**IN THE INTEREST OF K.R.C.**, a Child

From the 2nd 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 18-1390-CV-A
Honorable Dulce Madrigal, Judge Presiding[1]

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
               Beth Watkins, Justice
               Liza A. Rodriguez, Justice

Delivered and Filed: April 22, 2020

APPEAL DISMISSED FOR WANT OF JURISDICTION

Appellant Jonathan Cooper filed a pro se restricted appeal seeking to appeal "judgments entered by the Honorable Judge in Trial Cause No. 18-1390-cv-A." Because Cooper was not adversely affected by any of the orders in that case, we issued an order requiring Cooper to show cause why this appeal should not be dismissed for lack of appellate standing and informing Cooper we would dismiss the appeal unless we received a timely response. We received no response. After reviewing the appellate record, we conclude Cooper lacks standing to appeal and therefore dismiss the appeal for want of jurisdiction.

---

[1] The Honorable Jessica Crawford presided over the underlying suit affecting the parent-child relationship proceeding and signed the temporary orders and final order on June 3, 2019. The Honorable Dulce Madrigal signed the Order Clarifying Child Support and Qualified Domestic Relations Order on July 23, 2019.

**BACKGROUND**

Kasey Schuch is K.R.C.'s biological mother; Kelly Susekov is K.R.C.'s maternal aunt. On June 8, 2018, Susekov filed a suit affecting the parent-child relationship seeking to be appointed sole managing conservator of K.R.C. In her petition, Susekov named Cooper as K.R.C.'s alleged father and asserted that Cooper and Schuch are separated and K.R.C. resides with her. Susekov alleged that because Schuch continued to engage in a pattern of drug abuse and Cooper was incarcerated and serving a life sentence, her appointment as sole managing conservator would be in K.R.C.'s best interest. She also sought temporary orders, including a temporary restraining order against Schuch.

On June 18, 2018, the trial court granted Susekov's request for a temporary restraining order. A copy of Susekov's petition and the temporary restraining order was served on Schuch and Cooper, and the matter was set for a hearing on June 25, 2018. At the hearing, Susekov and Schuch appeared; Cooper did not. The trial court signed a temporary order appointing Susekov temporary sole managing conservator and Schuch temporary possessory conservator. The order also granted Schuch visitation rights to K.R.C. "at the sole discretion of" Susekov and denied Cooper access to K.R.C. Finally, the order required Schuch to pay Susekov $250 per month in child support and $100 per month in medical support.

On July 5, 2018, Cooper filed a pro se "Response & Answer & Objections/Motion to Dismiss" arguing he was not a party to the matter and objecting to Susekov's appointment as sole managing conservator. Cooper subsequently filed a number of pro se motions. On March 12, 2019, Susekov filed a nonsuit against Cooper stating she "no longer desires to prosecute this suit against Jonathan Cooper, Respondent, and Respondent has no pleading on file seeking affirmative relief from [her]." The trial court granted Susekov's nonsuit and dismissed the case against Cooper without prejudice on March 18, 2019.

On June 3, 2019, the trial court held a hearing on Susekov's petition and signed a final order appointing Susekov sole managing conservator of K.R.C. and Schuch possessory conservator of K.R.C. The order further prohibited Schuch from accessing K.R.C. and ordered Schuch to pay Susekov $250 per month in child support and $100 per month in medical support. The order also awarded Susekov child and medical support arrears to be paid by Schuch. The order was silent as to Cooper, and it is unclear whether Cooper received a copy of it.

One month later, the Office of the Attorney General filed a motion seeking to clarify the amount of arrears owed by Schuch. On July 23, 2019, the trial court signed an Order Clarifying Child Support Obligation specifying the amount of arrears Schuch owed. That same day, the trial court also signed a Qualified Domestic Relations Order authorizing Schuch's child and medical support payments to be paid from a monthly annuity payment she receives. Like the June 3, 2019 order, these orders are silent as to Cooper and there is no indication the trial court sent the orders to Cooper.

On November 18, 2019, Cooper filed a pro se notice of appeal, and the docket sheet he filed shows he intended to appeal, by restricted appeal, the "judgments entered by the Honorable Judge in Trial Cause No. 18-1390-cv-A." We provided Cooper with a copy of the appellate record, and on February 27, 2020, we ordered Cooper to show cause why this appeal should not be dismissed for lack of jurisdiction. In that order, we cautioned Cooper that if he failed to satisfactorily respond within the time provided, we would dismiss this appeal for lack of jurisdiction. Cooper did not file a response.

**ANALYSIS**

***Standing***

Standing is a component of subject-matter jurisdiction, and an appellant must have standing to appeal a lower-court judgment. *State v. Naylor*, 466 S.W.3d 783, 787 (Tex. 2015) (stating that

"subject-matter jurisdiction is essential to a court's power to decide a case"). Standing focuses on whether a party has a sufficient relationship with a lawsuit so as to have a "justiciable interest" in its outcome. *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005). "A party has standing to appeal when its interest has been prejudiced or adversely affected by the trial court's judgment." *Texas Comm'n on Envtl. Quality v. Bonser-Lain*, 438 S.W.3d 887, 892 (Tex. App.—Austin 2014, no pet.); *see Myers v. Cuevas*, 119 S.W.3d 830, 837 (Tex. App.—San Antonio 2003, no pet.) (pointing out appellant must allege how he was adversely affected to establish standing). Whether a party has standing to raise a claim, and consequently whether a court has jurisdiction to hear the party's claim, is a question of law that we review de novo. *McFadin v. Broadway Coffeehouse, LLC*, 539 S.W.3d 278, 282 (Tex. 2018) (citing *Naylor*, 466 S.W.3d at 787).

### *Application*

Cooper states he is appealing "judgments entered by the Honorable Judge in Trial Cause No. 18-1390-CV-A." However, the June 3, 2019 order and the July 23, 2019 orders—the only appealable orders entered in this case—do not prejudice or adversely affect Cooper or his legal rights. *See Texas Comm'n on Envtl. Quality*, 438 S.W.3d at 892; *Myers*, 119 S.W.3d at 837. Instead, the orders prohibit Schuch from accessing K.R.C. and order Schuch to pay monthly child and medical support payments, including arrears, to Susekov. The only order affecting Cooper is the order dismissing Susekov's lawsuit against him without prejudice.

When asked to explain how he was adversely affected by these orders, Cooper did not respond. Accordingly, because Cooper's rights are not prejudiced or adversely affected by any order in this case, we conclude Cooper does not have standing to appeal. We therefore dismiss this case for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(c).

**CONCLUSION**

We dismiss this case for lack of jurisdiction. We further order that no costs be assessed against Cooper because he is indigent.

PER CURIAM